## (October 19, 1973)

■ In the Matter of DONALD CAWLEY, Petitioner v. JOSEPH BRUST et al., Respondents.— Application for a writ of prohibition unanimously granted only to the extent of vacating the stay of the Police Commissioner's order transferring the petitioner police captain. (CPLR 5704.) In all other respects the application is denied, without costs and without disbursements. We refrain from further consideration on the merits only because Justice Brust has reserved decision on respondent's motion to dismiss for lack of jurisdiction. Use of the writ of prohibition has usually been limited to cases where a court acts without jurisdiction. (See, e.g., *Matter of Hogan* v. *Culkin*, 18 N Y 2d 330, 335–336; *People ex rel. Lemon* v. *Supreme Ct.*, 245 N. Y. 24.) And while it seems clear that service of the order to show cause on Sunday was "absolutely void for any and every purpose whatsoever" (General Business Law, § 11), we refrain from utilizing the extraordinary remedy sought since if error is committed it can readily be corrected on appeal. (See *Lee* v. *County Ct. of Erie County*, 27 N Y 2d 432 and cases cited.) The stay contained in Justice Tilzer's order dated October 10, 1973, is vacated. Concur — McGivern, J. P., Nunez, Murphy, Tilzer and Capozzoli, JJ.

## (October 23, 1973)

■ In the Matter of the Arbitration between ALLSTATE INSURANCE COMPANY, Appellant, and ZENON MORALES, Respondent.— Order, Supreme Court, Bronx County, entered October 4, 1972, denying application to stay arbitration, unanimously reversed, on the law, without costs and without disbursements, and stay is granted pending determination at a preliminary trial of the issue of "contact" with the alleged "hit and run" automobile. In view of our overburdened calendars, we do this reluctantly, but the respondent's failure to mention "contact" with another vehicle in the police report of the accident and the motor vehicle report raises a question as to his credibility, and also raises a factual issue as to whether there actually was "contact" with a "hit and run" vehicle, requiring a trial. Concur — Stevens, P. J., McGivern, Markewich, Kupferman and Murphy, JJ.