134

In the Matter of the Arbitration between TERENCE CUZDEY, an Infant, by His Father, PETER CUZDEY, Respondent, and AMERICAN MOTORISTS INSURANCE COMPANY, Appellant.

Third Department, June 25, 1974.

*Hesson, Ford, Sherwood & Whalen* (*Dale M. Thuillez* of counsel), for appellant.

*Long & Gandler* (*George H. Barber* of counsel), for respondent.

STALEY, JR., J. P. On February 28, 1971, petitioner, Terence Cuzdey, aged 17 years, was struck by an automobile while he was walking along Route 5 in the Town of Colonie, Albany County. The automobile which was identified as a white 1962 or 1963 Chevrolet Impala failed to stop, and thereby petitioner was a victim of a hit-and-run driver. The police investigated the accident and promptly filed a report. At the time of the accident, petitioner's father was the named insured in a family automobile policy issued by appellant.

On March 16, 1973, while petitioner was conferring with his attorney regarding an unrelated matter, he first became aware that he might have a claim under his father's policy for injuries sustained in the February, 1971 accident. On March 23, 1973, petitioner's attorney wrote to appellant setting forth petitioner's claim which was rejected by appellant on April 17, 1973 as untimely. Thereafter, on November 14, 1973, a demand for

arbitration was submitted to appellant on behalf of petitioner, Terence Cuzdey. Although petitioner has never obtained an order under CPLR 1209 directing that his claim be submitted to arbitration, an affidavit requesting such relief was submitted to the court on December 24, 1973. Special Term considered petitioner's affidavit and an affidavit submitted by his father as substantial compliance with CPLR 1209.

Appellant contends that, although petitioner was an insured under the terms of his father's insurance policy, the failure to give notice as required under the terms of the policy removes petitioner from coverage under the insuring agreement. In order to qualify for insured motorist coverage under hit-and-run circumstances, the pertinent policy conditions must be met.

Under section II (c) of the insuring agreement, a "hit-and-run automobile" is defined, and a claim for injuries arising therefrom to be effective must be filed by the insured or someone on his behalf with the company within 90 days after the accident by means of a statement under oath that the insured or his legal representative has a cause of action arising out of such accident against a person whose identity is unascertainable.

It is conceded that the accident occurred more than two years before appellant received any notice from petitioner. Timely filing of a notice with his carrier, as required by the terms of the policy, is a condition precedent to arbitration, and, as such, subject to determination by the court. (*Matter of Rosenbaum* [*American Sur. Co. of N. Y.*], 11 N Y 2d 310.) Special Term held that, although the notice was not timely filed, the delay was excusable and "may reasonably be attributed to the petitioner's infancy and, since the infant was not a driver and covered only as a member of his father's household, there is a definite relationship between the fact of infancy and the failure to file on time." Although Special Term further held that the carrier had not demonstrated any undue prejudice because of the delay, the carrier did complain that the failure to comply with the notice provision was prejudicial to it since it was denied any opportunity to investigate the accident, or take proof under oath, or conduct physical examinations of the petitioner by its physician for more than two years after the accident.

In view of the age of petitioner at the time of the accident, and the lack of any persuasive reason for the failure to file the notice for over two years, petitioner, under the circumstances in this case, has failed to give timely notice or to establish any reasonable excuse for such a long delay. (*Matter of Sullivan* v. *Motor Vehicle Acc. Ind. Corp.*, 11 N Y 2d 705;

*Matter of Davis* v. *Motor Vehicle Acc. Ind. Corp.,* 33 A D 2d 663.) The demand for arbitration should be dismissed.

The order should be reversed, on the law and the facts, without costs, and motion granted.

GREENBLOTT, KANE, MAIN and REYNOLDS, JJ., concur.

Order reversed, on the law and the facts, without costs, and motion granted.