■ In the Matter of the Arbitration between ALLSTATE INSURANCE COMPANY, Respondent, and GEORGE SCHEUBLIN, Appellant.—Order, Supreme Court, Bronx County, entered February 3, 1975 granting petitioner's motion for a stay of arbitration pending a preliminary trial on the issue of whether respondent's vehicle came into contact with a hit-and-run vehicle unanimously affirmed, without costs or disbursements. Appeal from order entered March 12, 1975, Bronx County, denying respondent's motion for leave to reargue unanimously dismissed as nonappealable, without costs or disbursements. It is clear that there is a factual issue as to whether the vehicle which respondent was operating came into contact with a hit-and-run vehicle and accordingly, a preliminary trial must be held. *(Matter of Allstate Ins. Co. v Morales,* 42 AD2d 951.) Nor is there merit to respondent's contention that petitioner waived the right to seek a stay of arbitration by obtaining information and conducting examinations concerning the amount of damages. In this respect respondent's reliance upon subdivision 8 of section 167 of the Insurance Law is misplaced for that section only requires an insurer to "disclaim liability or deny coverage * * * as soon as is reasonably possible". Here, petitioner did not disclaim or deny coverage but followed proper procedure and moved for a stay of arbitration four days after petitioner demanded arbitration. Concur—Stevens, P. J., Lupiano, Tilzer, Capozzoli and Nunez, JJ.