■ In the Matter of the Arbitration between COUNTRY-WIDE INSURANCE COMPANY, Appellant, and CELIA IHNE, Respondent.—Judgment, Supreme Court, New York County, entered September 2, 1977, denying an application to stay arbitration, unanimously reversed, on the law, without costs and without disbursements, and the matter remanded for hearing on the issues of timeliness of notice and whether there was in fact a hit and run accident, and the stay granted, pending the determination of those issues. Respondent here was driving a borrowed automobile insured by petitioner when she lost control, jumped a street divider and collided head on with another vehicle. Respondent was hospitalized for five months after the accident, during which time she was visited by a representative of the petitioner and gave him a signed statement as to the circumstances of the accident. Eight months after the accident respondent gave notice that she intended to make a claim under the uninsured motorists provision of the owner's policy with Country-Wide, alleging that she was struck by a hit and run driver which caused her to lose control and jump the divider. Later, respondent demanded arbitration of her claim. Petitioner moved to stay arbitration and have the court direct a hearing on the timeliness of the demand for arbitration and whether there was a hit and run as defined by the policy indorsement. Special Term denied the application, without opinion. Respondent, in resisting the assertion of nontimely notice claims that petitioner's agent visited her during her fifth month in the hospital and took her statement as to the circumstances of the accident. It has been held that: "Timely filing of a notice with his carrier, as required by the terms of the policy, is a condition precedent to arbitration, and, as such subject to determination by the court." *(Matter of Cuzday [American Motorists Ins. Co.]*, 45 AD2d 134, 135, affd 37 NY2d 939; citing *Matter of Rosenbaum [American Sur. Co. of N. Y.]*, 11 NY2d 310.) Respondent has also made conflicting statements concerning the hit and run aspects of the accident, and since all the pertinent facts are within the knowledge of the respondent, this too becomes a factual issue. Accordingly, since these two points are subject to judicial determination, the matter is remanded to the trial court. Concur—Kupferman, J. P., Lupiano, Silverman and Evans, JJ.