■ In the Matter of JOSEPH LEPORE, Respondent, v DONALD J. DIL-WORTH, as Commissioner of Police of Suffolk County, et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the appellants which, *inter alia,* ordered the destruction of two handguns, the appeal is from a judgment of the Supreme Court, Suffolk County, entered January 6, 1978, which annulled their determination and directed that the guns be turned over to a person licensed to, or otherwise permitted to, possess them. Judgment affirmed, without costs or disbursements, upon the opinion of Mr. Justice De Luca at Special Term. Shaprio, J. P., Cohalan, Hawkins and O'Connor, JJ., concur.

■ In the Matter of the Arbitration between MIDWEST MUTUAL INSUR-ANCE COMPANY, Appellant, and ROBERT ROBERSON, Respondent.—In a proceeding to stay arbitration, petitioner appeals (1) from a judgment of the Supreme Court, Queens County, entered March 27, 1978, which denied the petition and (2) as limited by its brief, from so much of a further order of the same court, entered May 5, 1978 as, upon reargument, adhered to the original determination. Appeal from the judgment entered March 27, 1978 dismissed as academic. That judgment was superseded by the order made upon reargument. Order entered May 5, 1978 reversed, insofar as appealed from, without costs or disbursements, and stay granted pending trial and determination of the issue of contact between the insured's vehicle and an alleged "hit and run" vehicle, for which purposes this proceeding is remitted to Special Term. The failure of the police accident report to mention contact with another vehicle raises a factual issue as to whether there actually was physical contact between the respondent's motorcycle and a "hit and run" vehicle. Consequently, a preliminary trial should be held to resolve this issue (see *Matter of Allstate Ins. Co. v Watts,* 45 AD2d 1005; *Matter of Allstate Ins. Co. [Morales],* 42 AD2d 951). Latham, J. P., Damiani, Titone and Suozzi, JJ., concur.