*1006 OPINION OF THE COURT
Roger J. Miner, J.
Petitioner seeks a stay of arbitration pursuant to CPLR article 75. Respondent has served a notice to arbitrate her claim for lost wages pursuant to a no-fault indorsement in a liability insurance policy issued to her mother, Essie May Ford. The notice, dated October 19, 1979, also includes a claim for damages under the uninsured motorists indorsement of the same policy. Apparently, the no-fault claim is not in issue here.
According to respondent’s version of the accident subject of claim, respondent was driving her mother’s automobile on February 25, 1979 and was forced off the road by an unidentified vehicle at Kripplebush, New York. The automobile driven by respondent struck a telephone pole, resulting in permanent injuries to her lower lip and knee. The accident was investigated at the scene by the New York State Police and an accident report was filed with the Department of Motor Vehicles. Claims for medical expenses and lost wages were presented to the petitioner shortly after the accident, and it appears that the petitioner has paid certain of the no-fault claims as well as a property damage claim under the collision coverage of the policy. Petitioner contends that arbitration of the uninsured motorists claim should be stayed for respondent’s failure to comply with the policy requirement that there be filed with petitioner, within 30 days after the accident is reported to the proper authorities "a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable”. It appears that the statement never was filed.
Respondent contends that petitioner had actual notice and constructive notice of her claim within the applicable time period. Specifically, respondent asserts that petitioner was notified promptly of the accident in connection with the property damage claim; that on March 6, 1979 petitioner received no-fault claim forms from a physician who treated respondent, from respondent’s employer relative to wages and from the Kingston Hospital; and that petitioner thereafter received no-fault claim forms from two other physicians who treated respondent. It is alleged that respondent did not become aware of a potential claim under the uninsured motorists provision until she consulted an attorney on August 2, *1007 1979 regarding another matter. Respondent also asserts that petitioner should be estopped from raising the issue of failure to file because of the failure of respondent to disclose the availability of the uninsured motorists coverage.
When an insurance policy requires written notice or proof, there is no compliance where oral notice or proof is given. (31 NY Jur, Insurance, § 1288.) Although there may be circumstances that will excuse the delay in giving notice, no such circumstances are present here, and no valid excuse has been given for failure to comply with the notice requirements of the uninsured motorists provision. (Gizzi v State Farm Mut. Ins. Co., 56 AD2d 973.) Respondent’s no-fault and collision claims were made under different provisions of the policy and under different notice requirements. Respondent has failed to comply with a condition precedent to arbitration of her uninsured motorists claim, and arbitration must be stayed. (Matter of Cuzdey [American Motorists Ins. Co.], 45 AD2d 134, affd 37 NY2d 939.) Moreover, the lack of physical contact between the vehicle operated by respondent and the other vehicle allegedly involved precludes arbitration under the express terms of the policy. (Matter of Smith [Great Amer. Ins. Co.], 29 NY2d 116; Government Employees Ins. Co. v Goldschlager, 44 AD2d 715.)