■ In the Matter of ROYAL GLOBE INSURANCE COMPANY, Appellant, v WILLIAM SMITH, Respondent.—In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of the respondent's uninsured motorists claim, petitioner appeals from so much of an order of the Supreme Court, Queens County, dated November 9, 1979, as, upon reargument, denied petitioner's application to permanently stay arbitration and directed the parties to proceed to arbitration. Order modified by deleting the third decretal paragraph thereof. As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to petitioner, and matter remitted to Special Term for a hearing on the issue of whether the respondent was in fact involved in a hit and run accident. Examination of the record reveals that there are several unresolved factual issues regarding whether there was actual physical contact with a hit and run vehicle. Such contact must be established by the respondent as a condition to arbitration of his claim (see *Matter of Midwest Mut. Ins. Co. [Roberson],* 64 AD2d 985; *Matter of Country-Wide Ins. Co. [Ihne],* 61 AD2d 743). A hearing is necessary to determine the issues. Mollen, P. J., Titone, Mangano and O'Connor, JJ., concur.

■ In the Matter of GEORGE VOIGT, Appellant, v THEODORE W. O'NEILL, as Commissioner of Police of the City of Long Beach, Respondent.—(1) Appeal by petitioner from a judgment of the Supreme Court, Nassau County, entered February 15, 1979, which dismissed the petition, *inter alia,* to enjoin the holding of a new disciplinary hearing and directed that a new disciplinary hearing be held to be presided over by a new hearing officer to be designated by the respondent, and (2) proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent as, after a hearing, found the petitioner guilty of one count of violating departmental rules and regulations and initially suspended him without pay for a period of 30 days and placed him on probation for a period of one year, but thereafter revoked the one-year probation as having no basis in law (see Civil Service Law, § 75, subd 3). Judgment affirmed, without costs or disbursements. No opinion. Determination confirmed insofar as reviewed, and proceeding dismissed on the merits, without costs or disbursements. On the record there existed substantial evidence to support the respondent's determination. Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.