■ In the Matter of the Arbitration between PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Appellant, and MICHAEL W. DE BLASIO, Respondent. — In a proceeding to stay arbitration, petitioner appeals from a judgment of the Supreme Court, Nassau County (Levitt, J.), entered March 10, 1981, which, without a hearing, dismissed the petition and directed that the

parties proceed to arbitration. Judgment reversed, without costs or disbursements, and proceeding remitted to Special Term for a hearing on the issues of (1) whether there was any "physical contact" between the respondent's vehicle and the alleged hit-and-run vehicle and (2) if so, whether, under the circumstances here present, respondent's timely filing of a claim for no-fault benefits constituted substantial compliance with the policy requirement of the timely filing of a statement, under oath, that the insured "has a cause or causes of action * * * against a person or persons whose identity is unascertainable". The facially conflicting statements by the respondent concerning the hit-and-run aspects of the within accident, and the fact that the circumstances thereof lie peculiarly within the respondent's knowledge, create factual issues necessitating a hearing (see *Matter of Royal Globe Ins. Co. v Smith,* 79 AD2d 710; *Matter of Country-Wide Ins. Co. [Ihne],* 61 AD2d 743). Moreover, the existence of circumstances which might excuse the failure to give a separate, formalized notice of recourse to the uninsured motorists' provision of the underlying policy of insurance within the period of time as limited therein requires further exploration (cf. *Matter of Travelers Ins. Co. [Ford],* 103 Misc 2d 1005). We have considered appellant's remaining contention and find it to be without merit (see *Matter of Allstate Ins. Co. [Frank],* 57 AD2d 950, 953, revd on other grounds 44 NY2d 897). Damiani, J.P., Lazer, Gulotta and Margett, JJ., concur.