542

■ HARVEY N. RUSSACK, Appellant, v MARICELLA R. RUSSACK, Respondent. — Order of the Supeme Court, New York County (Gomez, J.), entered May 6, 1981, directing: 1 — that the case be stricken from the Trial Calendar; 2 — that plaintiff pay to defendant the sum of $6,000 as and for accounting fees; and 3 — directing plaintiff to comply with the notice for discovery and inspection hitherto served upon him, modified, on the law, the facts and in the exercise of discretion, to the extent of deleting the provision for accounting fees and reserving the determination of that issue for the trial court, and otherwise affirmed, without costs. In this matrimonial action plaintiff served and filed a statement of readiness and note of issue despite the fact that pretrial discovery was far from complete. Each of the parties then had outstanding a notice to take the deposition of the other. Additionally, plaintiff's demand for written interrogatories had not yet been complied with and defendant was in the throes of a discovery of the books and records of plaintiff's wholly owned corporations. In connection with the discovery and inspection defendant had retained an accountant and had paid him the sum of $1,000. By the motion now on appeal defendant sought to strike the statement of readiness and note of issue, to compel plaintiff to comply with the notice of discovery and inspection theretofore served upon him and to obtain accountant's fees in the sum of $6,000, $1,000 to recoup the sum already paid to the accountant, and $5,000 for anticipated services. Special Term granted all of the relief sought by defendant. We take issue only with the allowance of accountant's fees. We would reserve that for the trial court which will be in a far better position to ascertain the services actually rendered which can better be determined at that time; the accountant's background and experience, and the usual charges made by him to clients as well as to the other elements which go into the fixation of accountant's fees. Concur — Murphy, P. J., Kupferman, Sandler, Lupiano and Bloom, JJ.

■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v LAWRENCE JACOBS, Respondent. — Judgment, Supreme Court, New York County (Blangiardo, J.), entered April 17, 1981, which denied the petition to stay arbitration and directed the parties to proceed to arbitration, unanimously reversed, on the law, without costs and disbursements, and the petition is granted pending a hearing to determine whether respondent was involved in an accident with a "hit and run" motor vehicle. On October 4, 1979, respondent was operating his bicycle in Hollis, New York, when he was allegedly struck by a "hit and run" vehicle causing him to collide with a parked vehicle as a result of which he sustained personal injuries. Respondent filed a claim under the uninsured motorist indorsement of the Allstate policy issued to his father, alleging an accident with a "hit and run" vehicle. On Allstate's application to stay the arbitration, a factual issue was clearly presented as to whether there was physical contact between the bicycle and the alleged "hit and run" motor vehicle. It was improper for Special Term to direct the matter to arbitration because the court is the appropriate forum to resolve that issue under the circumstances herein (Matter of Rosenbaum [American Sur. Co., N. Y.], 11 NY2d 310). The scope of arbitration under the uninsured motorist indorsement is more restrictive than the scope of arbitration under a no-fault insurance claim (Matter of Aetna Cas. & Sur. Co. v Bruton, 45 NY2d 871, revg 58 AD2d 551 on the dissenting memorandum by Justice Silverman at pp 553-554). Concur — Murphy, P. J., Birns, Ross, Lupiano and Fein, JJ.

■ MILNOR CONSTRUCTION CORPORATION, Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant. — Appeal from order, Supreme Court, New York County (Kirschenbaum, J.), entered on or about March 19, 1981, withdrawn. Concur — Murphy, P. J., Sandler, Sullivan, Ross and Lynch, JJ.