■ In the Matter of the Arbitration between COUNTRY-WIDE INSURANCE COMPANY, Appellant, and DONALD LAW, Respondent. — Order entered October 6, 1982 in Supreme Court, New York County (George Bundy Smith, J.), denying a petition to stay arbitration, unanimously reversed, on the law and the facts, the petition is granted and the matter is remanded for a preliminary trial on the issue of whether the accident in question comes within the insurance policy definition of "hit and run", all without costs. Respondent claims he was nudged off the road into a guardrail by a "hit and run" driver one morning at 3 A.M., and his accident report, prepared four days later, so states. Petitioner provides the police accident report which only informs that respondent was "cut off * * * then lost control of vehicle and struck guard rail". Since the insurance policy requires "physical contact" before "hit and run" coverage is available, petitioner has met its initial burden of tendering a factual issue requiring a trial. (Matter of Fuscaldo [MVAIC], 24 AD2d 744, 745.) Although the burden of proving noncoverage remains with petitioner (Matter of Len [Lumbermens Mut. Cas. Co.], 80 AD2d 682, 683), a preliminary trial is appropriate where there were no witnesses listed and the facts are peculiarly within the respondent's knowledge. (Cf. Matter of Country-Wide Ins. Co. [Ihne], 61 AD2d 743; Matter of Midwest Mut. Ins. Co. [Roberson], 64 AD2d 985.) Concur — Sullivan, J. P., Carro, Silverman and Lynch, JJ.