■ In the Matter of the Arbitration between EMPIRE MUTUAL INSURANCE COMPANY, Appellant, and SARA ZELIN, Respondent.—Judgment, Supreme Court, New York County (Irving Kirschenbaum, J.), entered January 12, 1984, denying a petition to stay arbitration of an uninsured motorist claim, unanimously reversed, on the law, without costs or disbursements, the petition granted and arbitration stayed pending a preliminary trial on the threshold issue of whether there was physical contact between respondent's vehicle and the alleged offending vehicle so as to come within the insurance policy coverage for a "hit-and-run" accident. The appeal from the order (same court), entered May 23, 1984, denying petitioner's motion to reargue, is dismissed as nonappealable, without costs.

It is clear on review of the record that Special Term erred in denying the petition and directing the parties to proceed to arbitration. Respondent had claimed that her vehicle was involved in an accident with two other vehicles and that the incident was caused when an unknown brown van struck her car, causing her to lose control and cross over several lanes of traffic, colliding with the center guardrail and another vehicle. In substance, this was what was reported by her in her MV-104 accident report and her demand for arbitration. In contrast, the police report states that she told the investigating officer that the brown van cut her off and there is no statement of any actual contact between her vehicle and the van, which had fled the scene.

Despite the conflict in the proof, Special Term found respondent's account sufficient to establish coverage under the uninsured motorist indorsement of the policy of insurance issued by appellant. We disagree. Plainly, a trial on the threshold issue was required, as respondent concedes on this appeal. On the motion, two conflicting accounts were presented, one within and one without the coverage of the policy, thereby raising a factual issue which required a trial, not resolution by the court.

The insurance policy clearly provides that there must be

"physical contact" before "hit-and-run" coverage attaches. Thus, physical contact with the alleged offending vehicle is a condition precedent to arbitration under an uninsured motorist indorsement *(see, Matter of Smith [Great Am. Ins. Co.],* 29 NY2d 116; *Matter of Country-Wide Ins. Co. [Law],* 97 AD2d 699).* Petitioner, as the party seeking to stay arbitration, had the burden of showing the existence of sufficient evidentiary facts to establish a genuine preliminary issue *(Matter of Kuhn [MVAIC],* 31 AD2d 707; *Matter of Hanavan [MVAIC],* 33 AD2d 1100; *Aetna Ins. Co. v Logue,* 68 Misc 2d 841).* Where there is a genuine triable issue with regard to whether the claimant's vehicle actually came into contact with a hit-and-run vehicle, the appropriate procedure is to stay arbitration pending a trial of the threshold issue *(Matter of Allstate Ins. Co. v Jacobs,* 85 AD2d 542; *Matter of Allstate Ins. Co. [Scheublin],* 50 AD2d 555; *Matter of Allstate Ins. Co. [Morales],* 42 AD2d 951).* This was the precise procedure which we followed in *Matter of Country-Wide Ins. Co. (Law) (supra)* on factual allegations substantially the same as in this case. Clearly, there was a factual question here as to whether there was physical contact between respondent's vehicle and the alleged "hit-and-run" van. Therefore, it was improper for Special Term to direct the matter to proceed to arbitration without a preliminary trial on the threshold issue. Accordingly, we remand the matter to the Supreme Court for that purpose. Concur—Murphy, P. J., Sandler, Fein, Kassal and Ellerin, JJ.