■ In the Matter of the Arbitration between UNIVERSAL UNDERWRITERS GROUP, Appellant, and LEV ZEITLIN et al., Respondents.—Judgment, Supreme Court, New York County (Kenneth L. Shorter, J.), entered on or about June 20, 1989, which denied and dismissed the petition of Universal Underwriters Group to stay arbitration, is unanimously reversed, on the law and on the facts, judgment vacated, petition is reinstated and granted, and arbitration is stayed pending a preliminary trial on the threshold issue of whether there was physical contact between the motorcycle operated by Mr. Lev Zeitlin and the hit-and-run vehicle, so as to come within the uninsured motorists' endorsement of the insurance policy, without costs.

On June 30, 1988, at approximately 12:30 A.M., near the intersection of 6th Avenue and Van Dam Street, Manhattan, a motorcycle operated by Mr. Lev Zeitlin, with Ms. Nadine Hajjar as a passenger, allegedly collided with a motor vehicle (hit-and-run vehicle) which left the scene of the accident without stopping to be identified.

Thereafter, Mr. Zeitlin sent a letter, dated September 7, 1988, by certified mail, return receipt requested, to his insurance carrier, Universal Underwriters Group (Universal). In that letter, *inter alia,* Mr. Zeitlin informed Universal that he and Ms. Hajjar were making claims under the uninsured motorists' endorsement of the policy concerning the injuries which they allegedly suffered in the accident, and he enclosed a copy of the police accident report.

Since those claims had not been settled on March 21, 1989, Mr. Zeitlin and Ms. Hajjar jointly served upon Universal a demand to arbitrate.

Universal (petitioner) responded by notice of petition dated March 29, 1989, which instituted a special proceeding against Mr. Zeitlin and Ms. Hajjar (respondents) to stay arbitration. Respondents opposed. Trial Term denied and dismissed petitioner's application. Petitioner appeals.

Our examination of the record indicates that in its petition, the petitioner presents evidence which indicates that there was no physical contact between Mr. Zeitlin's motorcycle and the hit-and-run vehicle. This evidence consists of: (1) a copy of the police accident report, which indicates that when Mr. Zeitlin was interviewed by the police immediately after the accident, he did not tell them that there had been any contact between the vehicles, and, (2) a memorandum dated January 16, 1989, in which an employee of petitioner noted that New York City Police Detective Bara, who allegedly investigated this accident, told him that Mr. Zeitlin had admitted to the detective that there had been no physical contact between the vehicles. In response to petitioner's evidence of no contact, Mr. Zeitlin submitted an affidavit dated May 24, 1989 in which he claims that he informed the police at the scene that there had been contact, and he denies ever telling Detective Bara anything to the contrary.

Pursuant to the uninsured motorists' endorsement to the subject policy, it is required that, as a condition precedent to coverage, there must be actual physical contact between the insured vehicle and the hit-and-run vehicle.

In view of the competing contentions of the parties concern-

ing contact, which we find boils down to an issue of credibility, we further find that petitioner has presented sufficient evidence, discussed *supra,* to establish a genuine preliminary triable issue of fact. We held in *Matter of Empire Mut. Ins. Co. (Zelin)* (120 AD2d 365, 366 [1st Dept 1986]) that "Where there is a genuine triable issue with regard to whether the claimant's vehicle actually came into contact with a hit-and-run vehicle, the appropriate procedure is to stay arbitration pending a trial of the threshold issue".

Based upon our analysis, *supra,* we find that the trial court erred. Accordingly, we reverse, reinstate the petition and grant same, and stay arbitration pending a preliminary trial on the threshold issue of whether there was physical contact between the respondent Mr. Zeitlin's motorcycle and the hit-and-run vehicle. Concur—Sullivan, J. P., Ross, Milonas, Smith and Rubin, JJ.