■ In the Matter of EVEREADY INSURANCE COMPANY, Respondent, v NELLIE SALAS et al., Appellants, and LIBERTY MUTUAL INSURANCE COMPANY, Respondent.—In a proceeding to stay the arbitration of a claim for uninsured motorist benefits, the claimants appeal from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated December 20, 1989, which granted the petition and permanently stayed arbitration.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for a new determination in accordance herewith.

On March 17, 1985, the appellants Nellie Salas and Jill Salas-Torres were allegedly injured when their vehicle was struck by another car. They commenced a personal injury action against Lucas A. Almonte, alleging that Mr. Almonte was both the owner and the operator of the vehicle with which their car had collided. Mr. Almonte, in his answer, admitted that he owned the vehicle referred to in the complaint, and that he had been operating it at the time of the accident; however, he denied that his vehicle had come into contact with the vehicle occupied by Nellie Salas and Jill Salas-Torres.

The attorney for Ms. Salas and Ms. Salas-Torres later received a letter from Liberty Mutual Insurance Company, in which a claims examiner admitted that Mr. Almonte's vehicle had been insured by that company on the day of the accident. However, the claims examiner advised the attorney that Mr. Almonte insisted that he had been involved only in a single car accident, that he had been removed from his car to a hospital after the accident, and that his car had never come into contact with the Salas vehicle. According to the claims

examiner, neither Ms. Salas nor Ms. Salas-Torres actually saw the vehicle by which they claim to have been struck.

Based on the foregoing, Ms. Salas and Ms. Salas-Torres made a claim for uninsured motorist benefits against the insurer of their vehicle, Eveready Insurance Company (hereinafter Eveready). They served a demand for arbitration of this claim, alleging that their injuries had been caused by a "hit and run" vehicle. Eveready responded by seeking a permanent stay of arbitration, submitting proof that Liberty Mutual Insurance Company had furnished coverage to the Almonte vehicle on the date of the accident. The attorney for Ms. Salas and Ms. Salas-Torres opposed Eveready's petition, noting that Mr. Almonte and his insurer had taken the position that the collision had been caused by another, unidentified vehicle.

The court directed a hearing, and also directed that Liberty Mutual Insurance Company be joined as a party. On the date set for the hearing, the attorney for Liberty Mutual Insurance Company appeared and conceded that the Almonte vehicle had been insured. The court decided, over objection, that this concession obviated the need for an evidentiary hearing, and was sufficient by itself to warrant granting a permanent stay of arbitration. A judgment to this effect was entered. This appeal followed.

The judgment must be reversed, and the matter must be remitted for a hearing as to whether the collision which resulted in the appellants' injuries was with a "hit and run" vehicle, as alleged in their demand for arbitration, or with the Almonte vehicle, as alleged in the complaint in their personal injury action. The concession by Liberty Mutual Insurance Company that it insured the Almonte vehicle is not determinative in light of the contention that the Almonte vehicle was not involved in the collision which resulted in the appellants' injuries. Since an issue of fact exists as to the identity of the vehicle which collided with the car occupied by the appellants, the proper procedure is to hold a hearing in order to resolve this issue (see generally, Matter of Westchester Fire Ins. Co. v Bergenn, 161 AD2d 768; Matter of Universal Underwriters Group [Zeitlin], 157 AD2d 544; see also, Matter of Peerless Ins. Co. v Milloul, 140 AD2d 346). Bracken, J. P., Sullivan, Miller and Ritter, JJ., concur.