■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v JUDITH TAUSZIK et al., Respondents.—In a proceeding to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Queens County (Kassoff, J.), dated May 3, 1990, which dismissed the petition and directed the parties to proceed to arbitration on all issues.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for a trial on the issue of physical contact between the insured's vehicle and an alleged "hit-and-run" vehicle, and for a new determination in accordance herewith.

On February 18, 1989, the respondent Judith Tauszik was involved in an accident in North Carolina allegedly caused by a hit-and-run driver. Tauszik and her passenger, the respondent Peter Torocsik, made a claim under the uninsured motorist endorsement of Tauszik's automobile policy, which was issued in New York State by the petitioner Allstate Insurance Company (hereinafter Allstate). When the respondents thereafter sought arbitration of their claims, Allstate commenced this proceeding seeking a permanent stay of arbitration on the ground, *inter alia,* that the uninsured motorist endorsement in the policy specifically excludes from coverage accidents occurring outside of New York State. Allstate also claimed that the accident was not covered since there was no physical contact between the vehicles. The Supreme Court dismissed the petition and directed the parties to proceed to arbitration on all issues, including the issue of physical contact. The court reasoned that Allstate was required to provide the minimum coverage required by North Carolina law, which permits a claimant to elect arbitration.

We agree with the Supreme Court that Tauszik's New York policy of insurance affords the amount and "kind" of coverage

required under North Carolina law *(see,* Insurance Law § 5103 [e]; 11 NYCRR 60.1 [e]; *Allcity Ins. Co. v Williams,* 120 AD2d 1). However, we find no support for the conclusion that North Carolina laws mandate that a claimant under an automobile insurance policy be afforded the opportunity to proceed by way of arbitration *(compare,* Insurance Law § 5106 [b]). Therefore, Tauzik's New York policy applies. It is settled New York law that the court, and not an arbitrator, must resolve the issue of whether there was actual physical contact with the hit-and-run vehicle, which is a prerequisite for coverage *(see, Matter of Westchester Fire Ins. Co. v Bergenn,* 161 AD2d 768; *Matter of Universal Underwriters Group [Zeitlin],* 157 AD2d 544; *Matter of Empire Mut. Ins. Co. [Zelin],* 120 AD2d 365; *Matter of Midwest Mut. Ins. Co. [Roberson],* 64 AD2d 985; *see generally, Matter of Allstate Ins. Co. v Killakey,* 78 NY2d 325). Accordingly, the matter is remitted to the Supreme Court, Queens County, for a trial on the issue of physical contact between the insured's vehicle and the alleged "hit-and-run" vehicle. Sullivan, J. P., Lawrence, O'Brien and Ritter, JJ., concur.