■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v RICHARD WEISS, Respondent.—In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioner appeals from an order of the Supreme Court, Nassau County (Saladino, J.), dated March 30, 1990, which denied the application.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a trial on the issue of whether there was any "physical contact" between the respondent insured's vehicle and the alleged "hit-and-run" vehicle.

In this matter the insured alleged that there was actual physical contact between his vehicle and that of a hit-and-run driver who purportedly forced him to collide with a parked car. Physical contact is a prerequisite to the applicability of the uninsured motorist endorsement in the insured's policy. There is no indication of any such physical contact between the two vehicles in the police report which was prepared at the scene of the incident (see, *Matter of Country-Wide Ins. Co. [Law],* 97 AD2d 699; *see generally, Matter of Allstate Ins. Co. v Killakey,* 78 NY2d 325). Therefore, we conclude that there is an issue of fact with respect to this issue, and remit the matter to the Supreme Court, Nassau County, for a trial. Thompson, J. P., Sullivan, Harwood, Miller and O'Brien, JJ., concur.