■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v ROBERT KOPITO, Respondent. [607 NYS2d 713] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioner appeals from an order of the Supreme Court, Nassau County (Christ, J.), entered January 9, 1992, which denied the application and directed the parties to proceed to arbitration.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a trial on the issue of whether there was any "physical contact" between the respondent insured's vehicle and the alleged hit-and-run vehicle.

A review of the entire record reveals conflicting evidence as to whether there was physical contact between the respondent's vehicle and the alleged hit-and-run vehicle. Since two conflicting accounts were presented, one within and one without the coverage (see, Matter of Empire Mut. Ins. Co. [Zelin], 120 AD2d 365, 366) of the policy issued by the petitioner, a factual issue was raised, which requires a trial (see, Matter of Midwest Mut. Ins. Co. [Roberson], 64 AD2d 985; Matter of Westchester Fire Ins. Co. v Bergenn, 161 AD2d 768). Mangano, P. J., Balletta, O'Brien, Hart and Florio, JJ., concur.