■ In the Matter of MARY BISIGNANO, Respondent, v INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Appellant. [652 NYS2d 546] —In a proceeding pursuant to CPLR 7503 to compel arbitration of a claim for uninsured motorist benefits, the appeal is from an order of the Supreme Court, Richmond County (Cusick, J.), dated February 29, 1996, which, *inter alia,* granted the petition, directed the parties to proceed to arbitration on all issues, and denied the cross petition, *inter alia,* to temporarily stay arbitration pending a determination as to whether there was any physical contact between the vehicle owned by Michael Loughran and the alleged "hit-and-run" vehicle.

Ordered that the order is reversed, on the law, with costs to the appellant, and the matter is remitted to the Supreme Court, Richmond County, for (1) a hearing and determination as to whether there was any physical contact between the vehicle owned by Michael Loughran and the alleged "hit-and-run" vehicle, and (2) a *de novo* determination of the petition and amended cross petition.

The respondent was riding in a vehicle insured by the appel-

lant when the vehicle was hit in the rear by a vehicle owned by Michael Loughran. Loughran's vehicle was allegedly propelled into the vehicle in which the petitioner was riding when it was struck by an unidentified vehicle which left the scene. We agree with the appellant that there exists an issue of fact as to whether there was actual physical contact between Loughran's vehicle and the alleged "hit-and-run" vehicle. It is well settled that the court, and not an arbitrator, must resolve the issue of whether there was actual physical contact between an insured's vehicle (in this case, Loughran's vehicle) and the alleged hit-and-run vehicle, which is a prerequisite for uninsured motorist coverage (*see, Matter of Allstate Ins. Co. v Tauszik,* 177 AD2d 486; *Matter of Westchester Fire Ins. Co. v Bergenn,* 161 AD2d 768; *Matter of Universal Underwriters Group [Zeitlin],* 157 AD2d 544; *Matter of Royal Globe Ins. Co. v Smith,* 79 AD2d 710). The police accident reports submitted in support of the petition, in addition to being insufficient for the purpose of establishing the cause of the accident in question (*see, Aetna Cas. & Sur. Co. v Island Transp. Corp.,* 233 AD2d 157; *Murray v Donlan,* 77 AD2d 337, 346-347), raise triable issues of fact (*see, Matter of Allstate Ins. Co. [Morales],* 42 AD2d 951). Bracken, J. P., Copertino, Joy, Florio and McGinity, JJ., concur.