■ In the Matter of MARYLAND CASUALTY COMPANY, Appellant, v JENNIFER PIASECKI, Respondent. [652 NYS2d 545] —In a proceeding pursuant to CPLR article 75, *inter alia,* to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated January 18, 1996, which denied the petition.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk

County, for a hearing on the issue of whether there was any physical contact between the respondent's car and the alleged "hit-and-run" vehicle, and a *de novo* determination of the petition.

The respondent alleged that she lost control of her car after a hit-and-run vehicle which cut in front of her came into physical contact with her car. However, according to the police report which was prepared at the scene of the accident, the respondent merely told the reporting officer that she lost control of her car; no other vehicle was mentioned. Physical contact is a prerequisite to the applicability of the uninsured motorist endorsement in the insured's policy (*see, Matter of Allstate Ins. Co. v Weiss*, 178 AD2d 529). Under the circumstances, there is an issue of fact with respect to physical contact, and the matter must be remitted to the Supreme Court, Suffolk County, for a hearing (*see, Matter of Allstate Ins. Co. v Weiss, supra; see also, Matter of Country-Wide Ins. Co. [Law]*, 97 AD2d 699). Rosenblatt, J. P., Thompson, Santucci and Altman, JJ., concur.