■ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v ESTATE OF MIKHAIL SOSNOV, Appellant. [712 NYS2d 54] —In a proceeding pursuant to CPLR 7503 to permanently stay arbitration of a claim for uninsured motorist benefits, the appeal is from an order of the Supreme Court, Nassau County (McCarty, J.), dated August 24, 1999, which granted the petition.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and determination as to whether the accident involved a hit-and-run vehicle, and a de novo determination of the petition.

The party seeking to stay arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue that would justify the stay (*see, Matter of Eagle Ins. Co. v Viera,* 236 AD2d 612; *Matter of Prudential Prop. & Cas. Ins. Co. v Campbell,* 227 AD2d 628; *Matter of State-Wide Ins. Co. v Morales,* 204 AD2d 336). The police accident report submitted in support of the petition failed to establish as a matter of law that there was no physical contact with the alleged hit-and-run vehicle (*see, Matter of Bisgnano v Interboro Mut. Indem. Ins. Co.,* 235 AD2d 419; *Matter of Westchester Fire Ins. Co. v Bergenn,* 161 AD2d 768; *Matter of Empire Mut. Ins. Co. [Zelin],* 120 AD2d 365; *Matter of Midwest Mut. Ins. Co. v Roberson,* 64 AD2d 985).

Furthermore, the petitioner failed to show that the respondent did not comply with a condition precedent to coverage under its insurance policy (*see, Matter of County of Rockland v Primiano Constr. Co.,* 51 NY2d 1, 7). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.