■ LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant, v NICHOLAS NESPOLINI, Respondent. [722 NYS2d 166] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered January 18, 2000, which, to the extent appealed from as limited by the briefs, denied petitioner's motion for a framed issue hearing on the basis that no issues of fact exist, unanimously reversed, on the law and the facts, without costs, and the motion granted to the extent of remanding this matter to the motion court to conduct a framed issue hearing as to whether respondent was involved in a hit-and-run accident.

It is well settled that, should the question be raised, the court, and not an arbitrator, must resolve the issue of whether there was actual contact with a hit-and-run vehicle (*Matter of Nationwide Ins. Co. v McDonnell*, 272 AD2d 547; *Matter of Universal Underwriters Group [Zeitlin]*, 157 AD2d 544; *Matter of Empire Mut. Ins. Co. [Zelin]*, 120 AD2d 365). Petitioner, as the party seeking to stay arbitration, has the burden of demonstrating the existence of sufficient evidentiary facts to establish a genuine preliminary issue (*Matter of Empire Mut. Ins. Co. [Zelin], supra*, at 366).

In this matter, petitioner has identified a number of inconsistencies in respondent's various descriptions of the accident which, when viewed together, are sufficient to raise an issue of fact as to exactly how the accident happened and whether or not another vehicle did, in fact, make contact with respondent's motorcycle. Concur—Nardelli, J. P., Williams, Tom, Lerner and Rubin, JJ.