■ In the Matter of NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, v ELVERLENE PAREDES,

Respondent. [735 NYS2d 179] —In a proceeding pursuant to CPLR article 75, *inter alia*, to stay arbitration of a claim for uninsured motorist benefits, the petitioner, New York Central Mutual Fire Insurance Company, appeals from so much of an order of the Supreme Court, Kings County (Mason, J.), dated May 1, 2001, as denied that branch of the petition which was for a temporary stay of arbitration pending a hearing on the issue of whether there was any physical contact between the respondent's vehicle and an alleged hit-and-run vehicle.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was for a temporary stay of arbitration pending a hearing is granted, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of whether there was any physical contact between the respondent's vehicle and an alleged hit-and-run vehicle.

Physical contact is a prerequisite to the applicability of the uninsured motorist endorsement of an insured's policy (*see,* Insurance Law § 5217; *Matter of Maryland Cas. Co. v Piasecki,* 235 AD2d 423; *Matter of Allstate Ins. Co. v Weiss,* 178 AD2d 529). When there is a genuine triable issue of fact with respect to whether a claimant's vehicle had any physical contact with an alleged hit-and-run vehicle, the appropriate procedure is to stay the arbitration pending a hearing on that issue (*see, Matter of Atlantic Mut. Ins. Co. v Shaw,* 222 AD2d 581).

In support of its petition, *inter alia,* for a temporary stay pending a hearing, the petitioner, New York Central Mutual Fire Insurance Company, submitted a police accident report and the respondent's sworn supplementary uninsured motorist claim form, in which she claimed that she lost control of her vehicle after another unidentified vehicle "cut her off." In opposition to the petition, the respondent offered her sworn testimony at a hearing held pursuant to General Municipal Law § 50-h in connection with a related claim against the City of New York. She testified at that hearing that she lost control of her car after the alleged hit-and-run vehicle entered her lane while coming around a sharp curve and struck her car. Under these circumstances, there is an issue of fact with respect to physical contact, and the matter must be remitted to the Supreme Court, Kings County, for a hearing (*see, Matter of Maryland Cas. Co. v Piasecki, supra; Matter of Atlantic Mut. Ins. Co. v Shaw, supra; Matter of Allstate Ins. Co. v Weiss, supra*). Santucci, J. P., Altman, Florio, H. Miller and Cozier, JJ., concur.