*437 In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of claims for uninsured motorist benefits, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated December 19, 2002, as denied that branch of the petition which was for a permanent stay of the arbitration of Leroy Langhorne and, in effect, dismissed that part of the proceeding.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was for a permanent stay of the arbitration of Leroy Langhorne is reinstated, the matter is remitted to the Supreme Court, Suffolk County, for a hearing on the issues of whether there was physical contact between the insured’s vehicle and an alleged hit-and-run vehicle, and the arbitration is stayed pending a new determination in accordance herewith.
On September 10, 2001, Leroy Langhorne was permissively operating a vehicle owned by Kameasha L. Scott on Route 25 in Calverton when it allegedly came into contact with a hit-and-run vehicle and struck a utility pole. Langhorne was airlifted from the scene to Stony Brook Medical Center and was unable to give a statement to the police due to the severity of his injuries. Langhorne and Scott retained counsel in or about June 2002 and, by letter dated June 28, 2002, notified the petitioner of their intention to file.claims for uninsured motorist benefits. The petitioner disclaimed coverage and they filed separate demands for arbitration. On or about August 26, 2002, the petitioner commenced this proceeding to permanently stay the arbitrations on the grounds, inter alia, that the accident did not involve an uninsured motor vehicle. Without conducting a hearing, the Supreme Court denied the petition as to Langhorne and granted it as to Scott.
“Physical contact is a condition precedent to an arbitration based upon a hit-and-run accident involving an unidentified vehicle” (Matter of Great N. Ins. Co. v Ballinger, 303 AD2d 503, 504 [2003] ;see Insurance Law § 5217; Matter of Allstate Ins. Co. v Moshevev, 291 AD2d 401, 402 [2002]; Matter of State Farm Mut. Auto. Ins. Co. v Johnson, 287 AD2d 640 [2001]). “The failure of the police accident report to mention contact with another vehicle raises a factual issue as to whether there actually was physical contact between [Scott’s vehicle] and a ‘hit and run’ vehicle” (Matter of Midwest Mut. Ins. Co. [Roberson], 64 AD2d 985 [1978]; see Matter of Bisignano v Interboro Mut. *438 Indem. Ins. Co., 235 AD2d 419, 420 [1997]; Matter of Allstate Ins. Co. v Weiss, 178 AD2d 529 [1991]). Consequently, a hearing must be held to resolve that issue. A hearing is particularly appropriate in this case since there were no witnesses and the facts lie peculiarly within Langhorne’s knowledge (see Matter of Prudential Prop. & Cas. Ins. Co., 84 AD2d 551, 552 [1981]; Matter of Country-Wide Ins. Co. [Law], 97 AD2d 699 [1983]). Altman, J.E, H. Miller, Adams and Townes, JJ., concur.