In the Matter of UTICA MUTUAL INSURANCE COMPANY, Appellant, v LUCK LECONTE, Respondent. [770 NYS2d 750]—

In a proceeding pursuant to CPLR article 75, inter alia, to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Queens County (Thomas, J.), entered November 25, 2002, which denied the petition.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for a hearing on the issue of whether there was physical contact between the respondent's vehicle and the alleged "hit-and-run" vehicle.

Physical contact is a prerequisite to the applicability of the uninsured motorist endorsement in the insured's policy (*see* Insurance Law § 5217; *Matter of Great N. Ins. Co. v Ballinger,* 303 AD2d 503, 504 [2003]; *Matter of New York Cent. Mut. Fire Ins. Co. v Paredes,* 289 AD2d 495, 496 [2001]; *Matter of Maryland Cas. Co. v Piasecki,* 235 AD2d 423, 424 [1997]; *Matter of Atlantic Mut. Ins. Co. v Shaw,* 222 AD2d 581 [1995]). When there is a triable issue of fact with respect to whether a claimant's vehicle had physical contact with an alleged "hit-and-run" vehicle, the appropriate procedure is to stay the arbitration pending a determination on that issue (*see Matter of New York Cent. Mut. Fire Ins. Co. v Paredes, supra*).

In support of its petition to stay arbitration, the petitioner submitted a police accident report wherein the respondent told the reporting officer that an unknown vehicle "cut him off." In opposition to the petition, the respondent offered his affidavit wherein he stated that his car was "suddenly struck on the driver's side" by an unidentified car which left the scene. Under these circumstances, there is an issue of fact with respect to physical contact, and the matter must be remitted to the Supreme Court, Queens County, for a hearing on that issue (*see Matter of New York Cent. Mut. Fire Ins. Co. v Paredes, supra; Matter of Maryland Cas. Co. v Piasecki, supra*). Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.