■ In the Matter of MERCHANTS MUTUAL INSURANCE GROUP, Doing Business as MERCHANTS MUTUAL INSURANCE COMPANY, Respondent, v DUKENSON IDORE et al., Appellants. [781 NYS2d 674]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of a claim for uninsured motorist benefits, the appeal is from an order of the Supreme Court, Queens County (Schmidt, J.), entered May 6, 2003, which, after a hearing, granted the petition and permanently stayed the arbitration.

Ordered that the order is affirmed, with costs.

"It is well established that the decision of the fact-finding court should not be disturbed on appeal unless the court's conclusions could not be reached by any fair interpretation of the evidence, especially in cases resting in large part on the credibility of witnesses" (*Matter of Allstate Ins. Co. v McMahon,* 251 AD2d 571, 572 [1998]; *see Matter of State Farm Mut. Auto. Ins. Co. v Mucerino,* 275 AD2d 464 [2000]). Here, the record supports the Supreme Court's determination that the appellants failed to sustain their burden at the framed issue hearing to demonstrate that there was physical contact between their vehicle and the vehicle that allegedly fled the scene, a condition precedent to arbitration (*see* Insurance Law § 5217; *Matter of Allstate Ins. Co. v Killakey,* 78 NY2d 325, 328 [1991]; *Matter of Aetna Life & Cas. v Gramazio,* 242 AD2d 530 [1997]).

The appellants' remaining contentions are without merit. Altman, J.P., Crane, Fisher and Lifson, JJ., concur.