In the Matter of NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellant, v RAHMAN THOMAS, Respondent. [851 NYS2d 604]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of an uninsured motorist claim, the petitioner, Nationwide Mutual Fire Insurance Company, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated September 7, 2006, as denied that branch of its petition which was for a permanent stay of arbitration.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of whether there was physical contact between the respondent's vehicle and an alleged "hit-and-run" vehicle.

The respondent Rahman Thomas allegedly was injured while

driving a vehicle insured by the petitioner Nationwide Mutual Fire Insurance Company (hereinafter Nationwide) when he lost control of the vehicle and struck several parked vehicles. Thomas made a demand on Nationwide for uninsured motorist benefits arising from the accident. Nationwide commenced this proceeding, inter alia, for a permanent stay of arbitration of that claim. Nationwide contended, among other things, that the accident did not involve an uninsured vehicle. In opposition to the petition, Thomas averred for the first time that his vehicle was struck by a "hit-and-run" vehicle that entered from a side street after running a red light. In reply, Nationwide argued that Thomas's allegations concerning a "hit-and-run" vehicle were inconsistent with the police report of the accident and his prior testimony at an examination under oath, neither of which mentioned any physical contact between the insured vehicle and any vehicle other than the parked vehicles, all of which were insured. The Supreme Court, finding the issue of physical contact with the alleged "hit and run" vehicle impermissibly raised for the first time in Nationwide's reply papers, denied that branch of the petition which was for a stay of arbitration. We disagree.

In relevant part, the Nationwide policy requires physical contact between the insured vehicle and a "hit-and-run" vehicle to maintain a claim for uninsured motorist benefits. Such physical contact is a condition precedent to arbitration of a claim for uninsured motorist benefits (see Matter of Merchants Mut. Ins. Group v Idore, 10 AD3d 612 [2004]). Here, Nationwide did not impermissibly attempt to raise a new factual issue as to such physical contact in its reply papers (see Matter of Harleysville Ins. Co. v Rosario, 17 AD3d 677 [2005]). Rather, Nationwide merely was responding to allegations, made for the first time by Thomas in his opposition to the petition, that a "hit-and-run" vehicle had been involved in the accident (id.). Consequently, there should have been a framed issue hearing on the issue of whether there was physical contact between the insured vehicle and the alleged "hit-and-run" vehicle (see Matter of Allstate Ins. Co. v Hayes, 17 AD3d 669 [2005]; Matter of Merchants Mut. Ins. Group v Idore, 10 AD3d at 612; Matter of Utica Mut. Ins. Co. v Leconte, 3 AD3d 534 [2004]; Matter of New York Cent. Mut. Fire Ins. Co. v Paredes, 289 AD2d 495 [2001]).

Finally, Nationwide argues that the Supreme Court erred in failing to address the issue of whether Thomas overstated the limits of the uninsured motorist benefits of the subject policy. However, this does not present a threshold issue as to arbitrability (see Matter of County of Rockland [Primiano Constr. Co.], 51

NY2d 1 [1980]). Thus, the Supreme Court did not err in failing to address the issue. Rivera, J.P., Spolzino, Carni and McCarthy, JJ., concur.