■ In the Matter of THE HANOVER INSURANCE COMPANY, Respondent, v ROBERT LEWIS, Appellant. [868 NYS2d 640]—

Physical contact is a condition precedent to the arbitration of this uninsured motorist claim, and whether or not there was physical contact between the insured vehicle and an alleged "hit and run" vehicle is an issue of fact to be decided by the court (see Matter of Empire Mut. Ins. Co. [Zelin], 120 AD2d 365 [1986]; see also Lumbermens Mut. Cas. Co. v Nespolini, 281 AD2d 365 [2001]). Here, the evidence at the framed-issue hearing establishes that the court's determination that the vehicle driven by respondent did not come into contact with another vehicle at the time of the accident was supported by a fair interpretation of the evidence, and there is no basis to disturb the hearing court's credibility determinations (see e.g. Claridge Gardens v Menotti, 160 AD2d 544 [1990]). Respondent acknowledged that he told the police officer who responded to the scene of the accident that he had only been cut off, and the police report, which was entered into evidence without objection, is consistent with respondent's testimony. Concur—Mazzarelli, J.P., Saxe, Catterson, Renwick and Freedman, JJ.