In a proceeding pursuant to CPLR article 75 to permanently *680 stay arbitration of a claim for uninsured motorist benefits or, in the alternative, inter alia, to direct a hearing on the issue of insurance coverage and for a temporary stay of arbitration pending the hearing, Alexander Aizin appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated August 18, 2011, which granted the petition and permanently stayed arbitration.
Ordered that the order is modified, on the law, by deleting the provision thereof permanently staying arbitration and substituting therefor provisions directing a hearing on the issue of insurance coverage and temporarily staying arbitration pending the completion of the hearing; as so modified, the order is affirmed, with costs to the appellant, and the matter is remitted to the Supreme Court, Richmond County, for a hearing on the issue of insurance coverage, including the issue of whether there was any physical contact between the appellant’s vehicle and an alleged “hit-and-run” vehicle, and new determination thereafter on the request for a permanent stay of arbitration.
On December 29, 2010, Alexander Aizin, while driving his own vehicle, was involved in a motor vehicle accident with two other vehicles, driven by Steven A. Giardina and Anthony Calabro, respectively. On the date of the accident, Aizin’s vehicle was insured by the petitioner, Allstate Insurance Company (hereinafter Allstate). According to the police accident report, Aizin’s vehicle struck the rear end of both of the motor vehicles driven by Giardina and Calabro, while all three were traveling eastbound on the Gowanus Expressway in Brooklyn. Aizin alleged that he lost control of his motor vehicle after a hit-and-run vehicle struck his vehicle in the rear. However, the responding officer noted on the police accident report that Aizin stated that his accelerator pedal got stuck, and the report made no mention that a hit-and-run vehicle was involved.
In April 2011, Aizin demanded arbitration of his claim for supplementary uninsured/underinsured motorist (hereinafter SUM) benefits from Allstate. Thereafter Allstate commenced this proceeding, seeking, inter alia, a permanent stay of the arbitration, or, in the alternative, a temporary stay of arbitration pending a framed-issue hearing on the issue of insurance coverage of the alleged uninsured “hit-and-run” vehicle, and leave to add Giardina, Giardina’s insurer, State Farm Insurance Company, Calabro, and Calabro’s insurer, Government Employees Insurance Company, as additional respondents. Allstate argued that a permanent stay of the SUM arbitration was proper because, based on the police accident report, a copy of which was annexed as an exhibit to the petition, Aizin was not *681 involved in a motor vehicle accident involving an uninsured motorist, since both the Giardina vehicle and the Calabro vehicle had insurance coverage. In opposition, Aizin contended that, in addition to the fact that there was a fourth vehicle involved in the accident which struck his vehicle and left the scene, he never spoke with the police officer at the scene. He included, as an exhibit, the transcript of his examination under oath conducted by Allstate. During Aizin’s examination under oath, he testified that, as a result of the accident, his motor vehicle was caused to flip over, so that he was suspended upside down and had to be cut out of the vehicle. He also testified that he never told any police officer at the scene of the accident that his accelerator had gotten stuck, and only provided contact information for his wife to an officer who spoke to him at the hospital.
The Supreme Court granted that branch of Allstate’s petition which was for a permanent stay of the SUM arbitration, and Aizin appeals.
The issue of whether there was physical contact with the insured’s vehicle and an alleged hit-and-run vehicle is to be determined by the Supreme Court, and not an arbitrator (see Matter of Bisignano v Interboro Mut. Indem. Ins. Co., 235 AD2d 419, 419 [1997]; see also Matter of Hanover Ins. Co. v Lewis, 57 AD3d 221, 222 [2008]). The absence from the police report of any mention of contact with an alleged “hit and run” vehicle did not conclusively establish that contact between Aizin’s vehicle and a “hit-and-run” vehicle did not occur but, at most, raised a factual issue as to whether there actually was physical contact between Aizin’s motor vehicle and a “hit and run” vehicle (see Matter of Midwest Mut. Ins. Co. [Roberson], 64 AD2d 985, 985 [1978]; Matter of Eveready Ins. Co. v Scott, 1 AD3d 436, 437 [2003]). Where a triable issue of fact regarding the existence of physical contact with a hit-and-run vehicle has been properly raised, “the appropriate procedure is to stay arbitration pending a determination on that issue” (Matter of Utica Mut. Ins. Co. v Leconte, 3 AD3d 534, 535 [2004]; see Matter of Nationwide Mut. Fire Ins. Co. v Thomas, 47 AD3d 934, 935 [2008]).
Here, since Aizin testified that he did not speak to the police officer at the scene of the accident, and the police accident report simply did not mention the alleged hit-and-run vehicle, the Supreme Court, before making a determination on the request for a permanent stay, should have conducted a framed-issue hearing to determine whether a hit-and-run vehicle was involved in the accident (see Matter of Government Empls. Ins. Co. v Estate of Sosnov, 275 AD2d 322 [2000]; cf. Matter of New *682 York Cent. Mut. Fire Ins. Co. v Paredes, 289 AD2d 495, 496 [2001]; Matter of Maryland Cas. Co. v Piasecki, 235 AD2d 423, 424 [1997]; Matter of Allstate Ins. Co. v Weiss, 178 AD2d 529, 529 [1991]; Matter of Prudential Prop. & Cas. Ins. Co. [Schwartz], 104 AD2d 557, 558-559 [1984]). Dillon, J.P., Leventhal, Austin and Miller, JJ., concur.