■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v JACQUELINE CARRARO, Appellant. [13 NYS3d 843]—In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of an uninsured motorist claim, Jacqueline Carraro appeals from an order of the Supreme Court, Nassau County (Mahon, J.), dated November 21, 2013, which granted that branch of the petition which was for a framed-issue hearing, and temporarily stayed the arbitration pending the framed-issue hearing.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as directed a framed-issue hearing is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

Contrary to the appellant's contentions, the Supreme Court properly granted that branch of the petition which was for a framed-issue hearing on the issue of whether there was physical contact between the appellant's vehicle and an alleged hit-and-run vehicle, and temporarily stayed the arbitration pending the framed-issue hearing (*see Matter of Merchants Preferred Ins. Co. v Waldo*, 125 AD3d 864 [2015]; *Matter of Allstate Ins.*

*Co. v Aizin,* 102 AD3d 679, 681-682 [2013]; *Matter of Utica Mut. Ins. Co. v Leconte,* 3 AD3d 534, 535 [2004]; *Matter of New York Cent. Mut. Fire Ins. Co. v Paredes,* 289 AD2d 495 [2001]).

The appellant's remaining contentions are without merit. Dillon, J.P., Dickerson, Chambers and Barros, JJ., concur.