In the Matter of the Arbitration between MICHAEL G.
DENIHAN, Appellant, and BENJAMIN J. DENIHAN et al.,
Respondents.

First Department, November 15, 1983

APPEARANCES OF COUNSEL

*Jack B. Levitt* of counsel (*Alan M. Lebensfeld* with him
on the brief; *Cooperman, Levitt & Winikoff, P. C.,* attor-
neys), for appellant.

*Edmund F. Wolk* of counsel (*Julius Mager* with him on
the brief; *Julius Mager* and *Edmund F. Wolk,* attorneys),
for individual respondents and corporate respondent, re-
spectively.

OPINION OF THE COURT

ALEXANDER, J.

The individual parties hereto are shareholders in the
corporate defendant-respondent 3 Mitchell Place, Inc.
(Mitchell Place), which owns the Beekman Tower Hotel.
The petitioner Michael G. Denihan, the minority stock-
holder owns 25% of the stock of Mitchell Place, and the
remaining 75% is owned by the individual defendants-
respondents.

In 1972, petitioner sought arbitration of his claims that the individual respondents breached the shareholders' agreement by taking large sums of money from Mitchell Place and removing him as a director. Respondents resisted arbitration and litigated the petitioner's right to arbitration. That litigation ultimately resulted in a determination by the Court of Appeals in June of 1974, directing that they proceed to arbitration. The corporate respondent asserted various counterclaims against the petitioner in the arbitration proceeding. The hearings in arbitration were delayed and did not commence until sometime in 1980. They extended through late 1981, and on October 5, 1981, the arbitrators issued an award upholding petitioner's claim substantially in full. He was reinstated as a director of the corporation effective retroactively to January, 1972, and awarded dividends which, including interest, totaled approximately $108,500. As compensation for the respondents' wrongful expenditures, petitioner was awarded $1,293,322.09, which included interest through the date of the awards. The counterclaims by the corporate respondent were dismissed on the merits and respondents were directed to pay the entire costs of the arbitrator's compensation, as well as the entire administrative fees of the American Arbitration Association. Paragraph 7 of the award also provided that "[a]ll other claims for relief by any Party, not dealt with above, are dismissed."

During the course of the hearings the petitioner learned for the first time that Benjamin Denihan, in violation of the provisions of the stockholders' agreement, had transferred some of his shares to other family members. Petitioner's demand for arbitration had not included a claim based on this alleged breach, simply because he was not aware of it at the time he made demand for arbitration. Accordingly, he sought clarification from the arbitrators to assure that the provision of paragraph 7 of the award that provided for a dismissal of "all other claims for relief" did not encompass his claim in respect to this newly discovered violation and would not stand as a bar to future proceedings in respect thereto. Moreover, since the award did not allocate the cost of the transcript of the hearings, petitioner urged, in his request for clarification, that the

respondents be directed to pay the entire cost of the transcript and to reimburse him for one half of the costs he already paid. These requests were submitted to the arbitrators by letter dated October 23, 1981, and were opposed by the respondents in a letter to the arbitrators, dated October 30. Thereafter, by letter of November 6, 1981, petitioner in response, contended that his request was one for modification pursuant to CPLR 7509 and 7511, predicated on the fact that the issue of the improper share transfer had not been submitted to the arbitrators, and thus was not an issue determined by the award. Additionally, he contended that the award was imperfect in form due to its failure to allocate the costs of the transcript.

Although aware that this modification by way of clarification had been requested of the arbitrators by petitioner and that no clarifying modification had as yet been made, the individual respondents by petition and notice of petition dated November 10, 1981, sought judicial modification of that portion of the award that directed them to recognize the petitioner as a director of the corporation and confirmation of the award in all other respects. They sought a provision for the prompt payment of the $1,293,322.09 to the claimant.

By separate petition dated November 9, 1981, the corporate respondent Mitchell Place sought judicial modification of the portion of the award that directed that petitioner be restored as a director. Mitchell Place also sought modification to the extent of voiding the dismissal of its counterclaims for $18,455, but sought confirmation of the arbitrator's award in all other respects.

On November 18, the return date of the petitions, appellant's application to adjourn the proceedings to early December was opposed by the respondents and was denied by Special Term. All opposing papers were directed to be submitted by noon the next day, November 19. Through the intervention of the Administrative Judge, appellant succeeded in having his time to oppose the application to confirm the arbitrator's award extended to November 30, 1981. On that date he cross-moved to dismiss the respondents' applications to confirm the arbitrator's award, because the award was not final since his October 23 applica-

tion for clarification and modification of the initial award was still pending before the arbitrators. Respondents vigorously opposed the petitioner's dismissal application contending that it was designed merely for delay. For reasons that can best be characterized as attempts to serve their individual, selfish purposes, the parties made a number of communications to Special Term, which ultimately resulted in Special Term mistakenly believing that there was consent on all sides to a confirmation of the award. It satisfactorily appears however, that appellant's purported consent to the confirmation was predicated upon an anticipated modification of the award in the manner he had requested in his letters to the arbitrators. He subsequently learned however, that the arbitrators, in ruling on his application to modify the award had directed that the costs of the stenographic record be borne fully by the respondent corporation, but had further ruled that paragraph 7 of the award in fact dismissed his claim with respect to the alleged transfer by Benjamin J. Denihan of certain of his shares in 3 Mitchell Place, Inc.

When, in an affidavit dated December 8, appellant's counsel informed the court that they had no "objection to an order affirming the arbitration award *in toto*" he was unaware that the arbitrators had acted, although the respondents apparently knew of the decision since on December 9, 1981, they had hand delivered to the court a letter consenting to the appellant's counsel's offer to have the award confirmed *in toto*. The next day the court telephoned appellant's counsel to indicate that it was his impression that the matter could be disposed of by confirming the arbitrator's award on consent. Appellant's attorney apparently was unaware of the respondents' letter of December 9, but had by then received the arbitrator's modified award. He objected to the court's proposal to confirm the award on consent, stated to the court that he did not consent to the confirmation of the modified award, and that he wished to move further to modify the modified award as it pertained to the share transfer claim. Counsel immediately had a letter to that effect hand delivered to the court.

Despite these objections, the court, on December 10, issued its decision and order which confirmed the modified award in full and stayed the entry of judgment for five

days, as requested by respondents, to allow them time to make the required payments. (Apparently it was to respondent corporation's tax advantage to make these payments in 1981 while petitioner's tax circumstances would be better served by a payment in 1982.) Respondents then purported to tender three certified checks in payment for the April, 1976 dividend award of $108,500, the $1,293,322.09 awarded as compensation for the alleged wrongful taking of corporate assets and a third check for $5,086.70 as their proportionate share of the administrative costs of the proceeding. They made no tender of any of the moneys awarded by the modified award.

Appellant thereafter timely moved to reargue and renew his initial motion to dismiss the respondents' petitions and sought vacatur of the order and judgment confirming the award and leave to move to modify the arbitrator's modified award within seven days of such vacatur. The court denied reargument finding that any error in respect to the existence of an agreement to confirm the prior award of the arbitrator was solely the responsibility of appellant's attorney. The court also denied leave to seek a modification of the modified arbitrator's award, finding that appellant's sole purpose was to seek a delay in the final disposition of the matter. We disagree and accordingly reverse.

We find from this record that there was no agreement by the appellant's attorney to the confirmation of the arbitrator's initial award nor was there agreement to confirmation of the modified award. It further appears from this record that the arbitrators purported to resolve an issue that had not been submitted to them, i.e., the alleged violation by the individual respondent Benjamin J. Denihan of the stockholders' agreement by transfer of certain of his shares of stock to members of his family. If this proves to be the fact they will have apparently exceeded their power and the award will be subject to vacatur (CPLR 7511, subd [b], cl [iii]). Moreover they also apparently failed to allocate the costs of the stenographic transcript, an omission that may well render their initial award incomplete.

Special Term's conclusion that the application for a further modification of the arbitrator's award was designed

solely to delay a final resolution of this matter is unsupported by this record. The denial of the motion to reargue and for leave to make further motions was an abuse of discretion.

Accordingly, the order of the Supreme Court, New York County (Louis Grossman, J.), entered on April 26, 1982, confirming a modified arbitration award should be reversed, on the law and the facts, with costs, and the matter remanded to Special Term for further proceedings before a different Justice, not inconsistent with the determination herein.

Kupferman, J. P., Sandler, Asch and Bloom, JJ., concur.

Judgment, Supreme Court, New York County, entered on April 26, 1982, unanimously reversed, on the law and the facts, and the matter remanded to Special Term for further proceedings before a different Justice, not inconsistent with the opinion herein. Appellant shall recover of respondents $75 costs and disbursements of this appeal.