■ In the Matter of the Arbitration between STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Respondents, and NATIONWIDE INSURANCE COMPANY, Appellant.—In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Nationwide Insurance Company appeals from a judgment of the Supreme Court, Queens County (Hyman, J.), dated July 10, 1984, which, after a hearing, (1) adjudged that respondent Tirado was insured by Nationwide Mutual Insurance Company and/or Nationwide Insurance Company, and (2) granted the application to permanently stay arbitration.

Judgment affirmed, with costs.

Respondent Jacome filed a "notice of intention to make claim" with petitioner-respondent State Farm Mutual Automobile Insurance Company (State Farm) pursuant to the uninsured motorist indorsement of his automobile insurance policy. In his notice, Jacome reported that the car which hit his vehicle was registered to respondent Tirado under license plate number 8924-ABD.

At the hearing held to determine whether arbitration of Jacome's uninsured motorist claim should be stayed, State Farm offered proof from the New York State Department of Motor Vehicles that the car which Jacome reported as the offending vehicle was insured by appellant Nationwide Insurance Company (Nationwide). Since Nationwide was unable to offer proof that the vehicle was not insured by it, the arbitration of Jacome's uninsured motorist claim was properly stayed (see, Matter of State Farm Mut. Auto. Ins. Co. v Yeglinski, 79 AD2d 1029).

Nationwide's contention that State Farm failed to lay a proper foundation for its proof that the offending vehicle was insured is without merit. Gibbons, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.