In the Matter of NATIONWIDE INSURANCE COMPANY, Appellant, v KELLI McDONNELL, Respondent. [708 NYS2d 146] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated November 5, 1998, Nationwide Insurance Company appeals from an order of the Supreme Court, Westchester County (Barone, J.), dated May 21, 1999, which, in effect, denied the petition and granted the respondent's application to vacate the award.

Ordered that the order is affirmed, with costs.

The respondent alleges that the decedent's vehicle was struck by a "hit-and-run" vehicle and demanded arbitration under the supplemental uninsured motorist endorsement of the decedent's insurance agreement with the petitioner, Nationwide Insurance Company (hereinafter Nationwide). Nationwide moved to stay the arbitration on the ground that there was no contact between the decedent's vehicle and the hit-and-run vehicle. In an order dated April 14, 1997, the Supreme Court granted

Nationwide's motion. In *Matter of Nationwide Ins. Co. v McDonnell* (248 AD2d 476), this Court reversed that order because Nationwide's application to stay was not brought within the 20-day limitation period set out in CPLR 7503 (c).

The arbitrator subsequently determined that Nationwide could raise a "liability defense" based upon the issue of contact between the vehicles even though that issue had been waived as a "contractual coverage defense". After holding a hearing on the issue of liability, the arbitrator determined that the respondent failed to establish that the decedent's vehicle was struck by a hit-and-run vehicle, and dismissed the claim. Nationwide commenced this proceeding to confirm the arbitration award.

It is well settled that a court, and not an arbitrator, must resolve the issue of whether there was actual contact with a hit-and-run vehicle (*see, Matter of Allstate Ins. Co. v Tauszik*, 177 AD2d 486, 487). The arbitrator may not decide this issue by creating an artificial distinction between contractual issues and liability issues. Accordingly, the Supreme Court properly denied the petition and granted the respondent's application to vacate the arbitration award on the ground that the arbitrator exceeded his powers (*see,* CPLR 7511 [b] [1] [iii]). Joy, J. P., Goldstein, H. Miller and Schmidt, JJ., concur.