■ In the Matter of LATANYA NELSON et al., Respondents, v QUEENS SURFACE CORPORATION, Appellant. [724 NYS2d 895] —In a proceeding pursuant to CPLR article 75 to confirm an uninsured motorist arbitration award dated June 25, 1999, Queens Surface Corporation appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated May 2, 2000, which granted the petition and confirmed the award.

Ordered that the order is affirmed, with costs.

Contrary to the appellant's contention, it was required to seek a judicial determination as to whether the dispute was arbitrable within 20 days after service upon it of the demand for arbitration (*see,* CPLR 7503 [c]; *Matter of Nationwide Ins. Co. v McDonnell,* 272 AD2d 547; *Matter of Allstate Ins. Co. v Frederick,* 266 AD2d 283; *Matter of Liberty Ins. Co. v Bohl,* 262 AD2d 645; *Matter of State Farm Mut. Auto. Ins. Co. [Nationwide Ins. Co.],* 117 AD2d 673). The Supreme Court properly determined that the appellant waived its claim that the matter was not arbitrable by failing to timely apply for a stay of arbitration, and by participating in the arbitration (*see, Matter of Commerce & Indus. Ins. Co. v Nester,* 90 NY2d 255, 264; *Matter of Nationwide Ins. Co. v McDonnell, supra*; *Matter of Arner v Liberty Mut. Ins. Co.,* 233 AD2d 321). Moreover, the arbitrator did not exceed his power in making the award (*see,* CPLR 7511 [b] [1] [iii]; *Matter of Nationwide Ins. Co. v McDonnell, supra*).

The appellant's remaining contentions are without merit. Santucci, J. P., S. Miller, Luciano, Feuerstein and Adams, JJ., concur.