■ In the Matter of JANI KARADHIMAS, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. [781 NYS2d 41]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated February 12, 2003, dismissing the petitioner's claim for uninsured motorists' benefits, the petitioner appeals from an order of the Supreme Court, Queens County (Kelly, J.), dated May 20, 2003, which denied the petition.

Ordered that the order is reversed, on the law, with costs, the petition is granted to the extent that the arbitration award is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The petitioner contends that while driving, his vehicle was struck by an unidentified "hit and run" motor vehicle that fled the scene. According to the petitioner, the contact with the hit and run vehicle caused the petitioner to lose control of his car and hit a utility pole. The petitioner demanded arbitration and the respondent never sought to stay arbitration.

At the arbitration hearing, the arbitrator, over objection, questioned whether the petitioner's motor vehicle came into physical contact with an unidentified "hit and run" vehicle. The arbitrator dismissed the claim on the ground that "[t]he evidence as presented by the claimant at the Hearing was insufficient to establish any negligence on the part of the alleged 'hit and run vehicle.' Indeed I find that the evidence left great doubt as to the existence of another vehicle." The arbitrator further noted that the petitioner's statements to his treating physicians contained in his hospital records contained "two conflicting statements as to how the accident occurred," including a statement by the petitioner that "[h]e swerved in an attempt to avoid another vehicle and accidentally hit a pole."

The petitioner brought the instant proceeding to vacate the arbitration award on the ground that the arbitrator exceeded his powers in considering whether there was physical contact between the petitioner's vehicle and an unidentified vehicle. The Supreme Court denied the petition on the ground that the petitioner had shown no more than a "mere possibility" that the arbitrator exceeded his powers.

In *Matter of Nationwide Ins. Co. v McDonnell* (272 AD2d 547, 548 [2000]) this Court held that an arbitrator may not decide the question of whether there was contact with a "hit and run" vehicle on the ground that lack of contact constitutes a "contractual coverage defense" and not a "liability defense." This Court further held that where the insurance carrier's application to stay arbitration is untimely, "[t]he arbitrator may not decide this issue by creating an artificial distinction between contractual issues and liability issues" (*Matter of Nationwide Ins. Co. v McDonnell, supra* at 548).

There is no legal significance between the failure to move to stay arbitration in a timely manner and the failure to move to stay arbitration at all. In either case, the carrier waived a determination of contact as a condition precedent to coverage.

As noted by the Supreme Court, an arbitration award may not be vacated based upon the "mere possibility" that the arbitrator exceeded his authority (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308-309 [1984]). However, in the instant case, it is clear that the arbitrator did, in fact, exceed his powers

when he considered the question of contact and considered evidence that there may have been no contact.

The arbitrator could determine liability and dismiss the claim based upon a determination that the claimant's negligence was the sole proximate cause of the accident (*see Matter of GEICO Gen. Ins. Co. v Sherman*, 307 AD2d 967 [2003]). However, the arbitrator was required to base his determination upon a finding that there was in fact contact with an unidentified vehicle.

In view of the foregoing, we reverse the order, grant the petition to vacate the arbitration award to the extent of vacating the award, and remit the matter to the Supreme Court, Queens County, for further proceedings, including directing a rehearing before a different arbitrator on the question of negligence and/or comparative negligence. H. Miller, J.P., Goldstein, Cozier and Mastro, JJ., concur.