ANSONIA COPPER & BRASS,
INC. Plaintiff,

v.

AMPCO METAL SA and AMPCO
METAL, INC., Defendants.

No. CIV. 3:05CV767(JBA).

United States District Court,
D. Connecticut.

March 7, 2006.

Maurice T. Fitzmaurice, Reid & Riege, P.C., Hartford, CT, for Plaintiff.

Rowena Amanda Moffett, Brenner, Saltzman & Wallman, New Haven, CT, for Defendants.

### RULING ON PLAINTIFF'S MOTION FOR APPOINTMENT OF AR-BITRATOR [DOC. # 11]

ARTERTON, District Judge.

This is a commercial contract dispute arising from a written licensing agreement between plaintiff Ansonia Copper & Brass, Inc. ("ACB"), a Delaware corporation with its principal place of business in Ansonia, Connecticut, and Ampco Metal SA, a Swiss Corporation, and its Illinois subsidiary, Ampco Metal, Inc. (collectively "Ampco"). Complaint [Doc. # 1] ¶¶ 1–3. The parties invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id.* ¶ 4. Currently before the Court is ACB's motion for appointment of a single arbitrator to resolve the parties' dispute. *See* Mot.

for Appointment of Arbitrator [Doc. # 11]. Ampco opposes the motion and instead seeks appointment of a panel of three arbitrators pursuant to the Rules of the American Arbitration Association ("AAA") for Large, Complex Commercial Disputes. Mem. of Law in Opp. [Doc. # 13]. For the reasons that follow, Plaintiff's motion is GRANTED.

### I. BACKGROUND

Plaintiff and Defendant disagree on the controlling written contract at issue. Plaintiff's complaint attaches a written agreement between the parties dated September 9, 2003. *See* Compl. Ex. A. Ampco denies "that there was ever agreement on the document attached to Plaintiff's Complaint" and states that the signature that purports to be on behalf of Ampco on that document "is a forgery." Answer [Doc. # 6] ¶ 6. Defendants, however, "admit that an agreement was reached between Plaintiff and Ampco Metal SA on September 12, 2003." *Id.*

The parties also agree that the governing contract provides that any disputes under the agreement "shall be amicably adjusted by the parties by mutual agreement within sixty (60) days, failing which same shall be submitted by either party to arbitration in the United States." Compl. ¶ 10; Answer ¶ 10. The contract "does not prescribe a procedure for the appointment of an arbitrator, and does not designate the number of arbitrators to be appointed." Compl. ¶ 11; Answer ¶ 11.

Although Defendants have asserted a counterclaim that this case is not ripe for arbitration because plaintiff did not attempt to reach an amicable resolution, from the briefing papers it appears that both parties now agree that an arbitrator or arbitrators should be appointed. The disagreement centers around the procedure for doing so and the procedural rules

that the dispute resolution process will follow.

## II. DISCUSSION

The Federal Arbitration Act, 9 U.S.C. § 5, provides that "unless otherwise provided in the agreement the arbitration shall be by a single arbitrator."[1] The AAA rules provide that "the Procedures for Large, Complex Commercial Disputes shall apply to all cases in which the disclosed claim or counterclaim of any party is at least $500,000. . . ." Mem. of Law in Opp. Ex. A (AAA Rules and Procedures) § R–1(c). Such large cases "shall be heard and determined by either one or three arbitrators, as may be agreed upon by the parties. If the parties are unable to agree upon the number of arbitrators and a claim or counterclaim involves at least $1,000,000, then three arbitrator(s) shall hear and determine the case." *Id.* § L–2(a).

Plaintiff states that "the claim in this case exceeds one million dollars." Reply Br. [Doc. # 14] at 3. From defendants' Answer, it appears that the damages alleged by way of counterclaim could exceed $2 million. Answer Ex. A (letter from Michael Husmann to Maurice FitzMaurice, 5/25/05) at 2. Therefore application of the AAA Rules, in the absence of agreement to one arbitrator, would result in appointment of three arbitrators.

Because the parties did not agree to be bound by the rules of the AAA, nor did they agree on the terms of arbitration or number of arbitrators, 9 U.S.C. § 5 controls, requiring appointment of one arbitrator, who will decide whether the rules of the AAA or some different procedures should be followed in determining the con-

troversy between the parties. *See In re Salomon Inc. Shareholders' Deriv. Litig.*, 68 F.3d 554 (2d Cir.1995) (arbitration body controls procedures for accepting cases).

In the interest of allowing the parties input into the appointment of the arbitrator, ACB shall submit to Ampco within ten calendar days of the date of this order the names of three persons acceptable to Plaintiff and available to act as sole arbitrator. Ampco shall either choose one of the three within five days of receipt or, if none is acceptable, shall submit to ACB within ten days the names of three persons acceptable to Defendant and available to act as sole arbitrator. Plaintiff shall choose an acceptable person from Defendant's list within five days of receipt. If none is acceptable to Plaintiff, within three days of notice of the rejection, Defendant and Plaintiff shall submit all six names to the Court, which shall select the arbitrator. Such submission shall include pertinent information concerning the background and qualifications of each of the parties' proposed arbitrators.

Arbitration shall be governed by the laws of Connecticut as provided in the written agreement between the parties. *See* Compl. ¶ 10; Answer ¶ 10.

IT IS SO ORDERED.

---

1. Because this is a diversity case, it should be noted that the Connecticut statute regarding appointment of an arbitrator in the absence of an agreed procedure is identical. Conn. Gen. Stat. § 52–410(b) (". . . Unless otherwise provided in the agreement, the arbitration shall be by a single arbitrator.").