[918 NE2d 482, 889 NYS2d 886]

In the Matter of JOAN HANSEN & COMPANY, INC., Respondent, v EVERLAST WORLD'S BOXING HEADQUARTERS CORP., Appellant.

Argued September 16, 2009; decided October 15, 2009

**POINTS OF COUNSEL**

*Schlacter & Associates,* New York City (*Jed R. Schlacter* of counsel), and *Edward R. Epstein,* Fort Lauderdale, Florida, for appellant. I. An application to clarify an arbitration award must be made within the time limits set forth in CPLR 7509 and 7511. (*Matter of Hanover Ins. Co. v American Intl. Underwriters Ins. Co.,* 266 AD2d 545; *Matter of Aetna Cas. & Sur. Co. v Vigilant Ins. Co.,* 241 AD2d 451; *Silber v Silber,* 204 AD2d 527; *Ratner v Davison,* 12 Misc 3d 1192[A], 2006 NY Slip Op 51543[U]; *Matter of Mole [Queen Ins. Co. of Am.],* 14 AD2d 1.) II. Once an arbitration award has been confirmed, with judgment entered thereon, and the time to appeal has expired, the arbitrators have no further power to issue any subsequent rulings. (*Matter of Beleggingsmaatschappij Wolfje, B.V. v AES Ecotek Europe Holdings, B.V.,* 21 AD3d 858.) III. The issue now raised by Joan Hansen & Company, Inc. was not the subject of the arbitration proceedings. (*Matter of Denihan,* 97 AD2d 69.) IV. Everlast World's Boxing Headquarters Corp. is entitled to full due process—including presentation of evidence and witnesses—regarding Joan Hansen & Company, Inc.'s new claim. (*Carvel Corp. v Rait,* 117 AD2d 485; *Carvel Corp. v Eisenberg,* 692 F Supp 182.)

*Phillips Nizer LLP,* New York City (*George Berger* and *Bruce J. Turkle* of counsel), for respondent. I. The Appellate Division correctly affirmed the IAS court's holding that Joan Hansen & Company, Inc. was not time-barred from seeking clarification of a latent ambiguity in the award from the arbitrators. (*Matter of Smith Barney Shearson v Sacharow,* 91 NY2d 39; *Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am.,* 37 NY2d 91; *Matter of Weinrott [Carp],* 32 NY2d 190; *Green v Ameritech Corp.,* 200 F3d 967; *La Vale Plaza, Inc. v R.S. Noonan, Inc.,* 378 F2d 569; *Matter of Wannalancit Textile Co. [Prestex, Inc.],* 81 AD2d 774; *Americas Ins. Co. v Seagull Cia. Naviera, S.A.,* 774 F2d 64; *Glass, Molders, Pottery, Plastics & Allied Workers Intl. Union, AFL-CIO, CLC, Local 182B v Excelsior Foundry Co.,* 56 F3d 844; *Kennecott Utah Copper Corp. v Becker,* 186 F3d 1261;

*United Steelworkers of Am., AFL-CIO-CLC v Ideal Cement Co., Div. of Ideal Basic Indus., Inc.,* 762 F2d 837.) II. The Appellate Division's affirmation of the IAS court's factual finding that Joan Hansen & Company, Inc.'s request for clarification does not raise a new issue cannot be challenged here. (*Bates Adv. USA, Inc. v 498 Seventh, LLC,* 7 NY3d 115; *Glenbriar Co. v Lipsman,* 5 NY3d 388; *L. Smirlock Realty Corp. v Title Guar. Co.,* 63 NY2d 955; *Friedman v State of New York,* 67 NY2d 271; *Huntley v State of New York,* 62 NY2d 134; *Laufer v Ostrow,* 55 NY2d 305; *Matter of Ranni [Ross],* 58 NY2d 715; *Waverly Mews Corp. v Waverly Stores Assoc.,* 294 AD2d 130; *Morgan Guar. Trust Co. of N.Y. v Solow,* 114 AD2d 818, 68 NY2d 779; *Fabiano v Philip Morris Inc.,* 54 AD3d 146.) III. Everlast World's Boxing Headquarters Corp.'s suggested remedy is wasteful, impractical and contrary to authority. (*Brotherhood of Locomotive Engrs. & Trainmen v Union Pac. R.R. Co.,* 500 F3d 591; *Coca-Cola Bottling Co., Consol., Inc. v International Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers, Local Union No. 991,* 506 F Supp 2d 1052; *M & C Corp. v Erwin Behr GmbH & Co., KG,* 326 F3d 772; *Locals 2222, 2320-2327, Intl. Bhd. of Elec. Workers, AFL-CIO v New England Tel. & Tel. Co.,* 628 F2d 644; *Weinberg v Silber,* 140 F Supp 2d 712; *Colonial Penn Ins. Co. v Omaha Indem. Co.,* 943 F2d 327; *LLT Intl., Inc. v MCI Telecom. Corp.,* 69 F Supp 2d 510; *Green v Ameritech,* 200 F3d 967; *Office & Professional Empls. Intl. Union, Local No. 471 v Brownsville Gen. Hosp.,* 186 F3d 326; *New York Bus Tours, Inc. v Kheel,* 864 F2d 9, 993 F2d 1533.) IV. Everlast World's Boxing Headquarters Corp.'s remaining arguments have no merit. (*Bingham v New York City Tr. Auth.,* 99 NY2d 355, 8 NY3d 176.)

### OPINION OF THE COURT

Graffeo, J.

In this case, we hold that after issuance of an arbitration award, a party may not seek to reopen the arbitration proceeding to request that the arbitrators consider an issue that was not previously presented to the panel.

Everlast World's Boxing Headquarters Corp. is a major seller of boxing-related merchandise and athletic apparel. In 1983, Everlast hired Joan Hansen & Co., Inc. as its independent licensing agent for the purpose of finding companies that would be interested in marketing goods bearing the Everlast name. This arrangement continued until the beginning of 1994 when the parties entered into a new licensing contract. Under the terms of this agreement, Hansen would

remain Everlast's nonexclusive licensing consultant and, in return, Hansen was to be paid fees based on a schedule of the revenues generated from the clients that it secured for Everlast.

The contract was for a five-year term, with an automatic five-year renewal, resulting in a completion date of December 31, 2004, unless terminated sooner. The termination provisions in the agreement specified that either party could sever the relationship, but only on certain grounds, such as insolvency, the failure to fulfill a contractual obligation or engaging in a material misrepresentation. The agreement also contained a clause that addressed Hansen's right to receive royalties after the contract ended:

> "the participation by HANSEN in royalty payments shall continue for so long as licensees remain licensees of EVERLAST, except that: . . .

> "In the event of a termination of this Agreement, HANSEN shall continue to receive consultation fees on existing agreements for the earlier of two (2) years after termination or the end of the license agreements then in affect [sic]."

In the event of termination, Hansen was entitled to receive 100% of its fees in the first year following termination and 50% in the second year.

In 2000, Everlast's parent company decided to merge with the Active Apparel Group. At some point, Hansen was informed that the newly-created entity intended to develop an in-house licensing department and, therefore, Hansen's services might not be needed. Hansen responded with a lawsuit against Everlast challenging the legality of the proposed merger, but its claims were eventually dismissed and the merger was completed.

Approximately three years later, Everlast claimed that Hansen had breached its licensing agreement by failing to obtain new licensees. After Everlast discontinued the arrangement, Hansen demanded arbitration. The dispute was presented to three arbitrators and, in April 2005, the panel determined that Everlast's conduct toward Hansen precluded it from invoking any of the termination grounds set forth in the parties' contract. The arbitrators declared that the termination notice issued to Hansen by Everlast was invalid and Everlast was required to pay Hansen "both now and in the future on the basis of the Agreement being in full force and effect up to its stated

December 31, 2004 term expiration date, pursuant to the Agreement, as though no termination notice had been given." Everlast was also "directed to account for, and pay to [Hansen], all unpaid moneys payable under the Agreement" and future fees "promptly after they are payable." On Hansen's motion, Supreme Court confirmed the arbitration award.

Everlast thereafter paid Hansen 100% of the fees due in 2005 and 2006, but did not make any further payments for revenues realized in 2007. In Everlast's view, the contract automatically terminated on December 31, 2004, triggering the two-year, post-termination compensation provision that relieved it of any further obligation to compensate Hansen after December 31, 2006.

Once the payments from Everlast ceased, Hansen asked Supreme Court to hold Everlast in contempt of the confirmation ruling, contending that it was owed royalty payments beyond 2006 because the contract had "expired"—as opposed to being "terminated"—on December 31, 2004. In light of its interpretation, Hansen asserted that it was entitled to additional payments for as long as the clients it secured remained licensees of Everlast.

Supreme Court denied Hansen's contempt motion, concluding that "the primary issue before the arbitrators in this matter was whether the Termination Notice was valid" and that "the arbitrators did not rule on the meaning of 'termination' " in the continuing compensation clause or determine "what monies would be payable to Hansen once the Representation Agreement ended on December 31, 2004" (2007 NY Slip Op 33471[U], *8). The court therefore declined to interpret the arbitration award as directing payments to Hansen after December 31, 2006.

Hansen then sought relief from the former arbitration panel, seeking to reopen its proceedings to "clarify" that the original award required Everlast to continue paying Hansen its fees "for so long as the licensees remain licensees" of Everlast. Reflecting its argument before Supreme Court, Hansen claimed that the two-year, post-termination compensation provision was inapplicable because there had been an expiration of the contractual relationship rather than a termination. In response, Everlast filed a motion in Supreme Court to stay Hansen's request for clarification. Everlast maintained that Hansen was actually seeking a "modification" of the original arbitration decision that was untimely pursuant to the 20-day time limitation in

CPLR 7509 since Hansen's request was made about 2½ years after the issuance of the arbitration decision.[1] In the alternative, Everlast contended that the arbitrators did not have the authority to consider the continuing compensation issue because it had not been raised in the original arbitration proceeding.

Supreme Court denied Everlast's motion (2008 NY Slip Op 30569[U]). Although the court acknowledged that it had previously held that the continuing compensation claim was not a subject of the arbitration award, the court concluded that clarification was appropriate because the controversy regarding the length of payments involved the same contractual provision that had been addressed in arbitration. As such, the court determined that Hansen's request was not barred by CPLR 7509. The Appellate Division affirmed for substantially the same reasons (55 AD3d 317 [1st Dept 2008]) and we granted leave to appeal (11 NY3d 713 [2008]). We now reverse.

Everlast advances several arguments in support of its position. It maintains that a request for clarification is no different than an application for modification and is therefore subject to the CPLR 7509 time restriction. Everlast also asserts that, even if there is a distinction between "clarification" and "modification," the arbitrators lacked the power to reconsider their award once Supreme Court confirmed it. Finally, Everlast claims that an arbitrator has no power to reconsider an award based on an issue that was not raised in the arbitration proceeding. We agree with Everlast's third argument: the dispositive factor in this appeal is the limited scope of the dispute that was originally before the arbitration panel. Consequently, it is unnecessary for us to address Everlast's other two contentions.

It has long been established that an arbitrator's authority extends to only those issues that are actually presented by the parties (*see e.g. Hiscock v Harris*, 74 NY 108, 113 [1878]; *see also Ottley v Schwartzberg*, 819 F2d 373, 376 [2d Cir 1987]). Thus, an arbitrator may not reconsider an award—regardless of whether the request is couched as a clarification or modification—if the matter was not previously raised in arbitration (*see generally Matter of Denihan*, 97 AD2d 69, 73 [1st Dept 1983, Alexander, J.]). Here, the primary issue pursued by Hansen during arbitration involved the validity of the termination notice.

---

1. CPLR 7509 allows a party to an arbitration decision to request modification if a written application is made to the arbitrator "within twenty days after delivery of the award to the applicant."

The arbitrators necessarily had to decide whether the contract encompassed the grounds that Everlast cited as a basis for termination and, if so, whether the facts supported Everlast's assertions. But the panel was not asked to consider the extent of Everlast's alleged duty to pay Hansen royalties after December 31, 2004. Indeed, when Supreme Court denied the motion to hold Everlast in contempt of the confirmation ruling, it correctly recognized that "the issue of the interpretation of" the continuing compensation provisions "was not a subject of the arbitration" and "the arbitrators did not rule on the meaning of 'termination' in those provisions, or what monies would be payable to Hansen once the [contract] ended on December 31, 2004" (2007 NY Slip Op 33471[U], *8).

The fact that a particular contractual provision may apply to more than one arbitrable claim does not expand the scope of the arbitration if the issues presented were materially different or legally distinct. In this case, the termination dispute focused on whether Hansen's conduct (actions such as initiating the 2000 litigation) was prohibited by the contract or if Hansen had failed to perform its obligation to secure licensees. But the continuing compensation claim that arose at the end of 2006 was a separate question—whether a "termination" of the contract was the same as an "expiration" for purposes of computing the length of time that Hansen was entitled to receive royalties. Simply put, the issues presented in the original arbitration proceeding and Hansen's request to "clarify" the award involved distinct disputes despite the fact that the same contractual provision applied to both.

In addition, the controversy over Hansen's right to further payments had not arisen at the time the arbitration decision was issued—approximately $1\frac{1}{2}$ years before Everlast stopped paying Hansen at the end of December 2006. Nothing in the panel's written decision suggests that the arbitrators considered, let alone decided, whether Hansen was owed continuing compensation "for so long as [the] licensees" kept doing business with Everlast.[2] We conclude that Everlast's motion to stay further arbitration should have been granted because Hansen could not use the compensation issue as a basis for reconsideration of the arbitration decision, regardless

---

2. Although Hansen relies on the recollection of its attorney that an arbitrator asked whether Hansen would be entitled to receive commissions in perpetuity, in its briefs to this Court Hansen does not allege that it specifically raised that issue in the original arbitration proceeding.

of whether Hansen denominated its request as one for clarification or modification.[3]

Accordingly, the order of the Appellate Division should be reversed, with costs, and the motion by Everlast World's Boxing Headquarters Corp. to stay all further arbitration proceedings between it and petitioner Joan Hansen & Company, Inc. regarding case No. 13 133 00438 03 of the American Arbitration Association granted.

Judges CIPARICK, READ, SMITH, PIGOTT and JONES concur; Chief Judge LIPPMAN taking no part.

Order reversed, etc.

---

3. Everlast concedes that nothing prevents Hansen from initiating a new arbitration proceeding to have the merits of the continuing compensation matter decided.