In the Matter of PROGRESSIVE NORTHEASTERN INSURANCE COMPANY, Appellant, v RICHARD S. TUREK, Respondent. [895 NYS2d 842]—

In a proceeding, inter alia, pursuant to CPLR article 75 to stay arbitration of a claim for supplementary underinsured/uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Rockland County (Weiner, J.), entered December 16, 2008, which granted the respondent's motion to vacate an arbitration award dated April 9, 2008, and denied its cross motion to confirm the arbitration award.

Ordered that the order is reversed, on the law, with costs, the motion to vacate the arbitration award is denied, the cross motion to confirm the arbitration award is granted, and the matter is remitted to the Supreme Court, Rockland County, for the entry of an appropriate judgment.

The respondent Richard S. Turek (hereinafter the claimant) contracted with the petitioner Progressive Northeastern Insurance Company (hereinafter the insurer) for supplementary underinsured/uninsured motorist coverage. The supplementary underinsured/uninsured motorist endorsement (hereinafter the SUM endorsement) provided that the insurer "[would] pay all sums that the [claimant] shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle . . . caused by an accident arising out of such uninsured motor vehicle's ownership, maintenance or use." The SUM endorsement also provided that "[i]f [the claimant] and [the insurer] do not agree that [the claimant] is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle . . . , the matter or matters upon which [the claimant] and [the insurer] do not agree shall be settled by arbitration."

Contrary to the claimant's contention, "the arbitrator neither committed misconduct (see CPLR 7511 [b] [1] [i]) nor exceeded his authority (see CPLR 7511 [b] [1] [iii]) when he considered the issue of liability in determining whether the [claimant was] entitled to [uninsured] motorist benefits under [the SUM endorsement]" (*Matter of GEICO Gen. Ins. Co. v Sherman*, 307 AD2d 967, 968 [2003]; *cf. Matter of Karadhimas v Allstate Ins. Co.*, 9 AD3d 429, 430-431 [2004]). Moreover, the arbitrator did not err in considering the testimony of the nonparty witness, Lisa Cordaro, on the issue of whether "the claimant's negligence was the sole proximate cause of the accident" (*Karadhimas v Allstate Ins. Co.*, 9 AD3d at 431; *see Matter of GEICO Gen. Ins. Co. v Sherman*, 307 AD2d at 968).

Accordingly, the Supreme Court erred in granting the claimant's motion to vacate the arbitration award, and in deny-

ing the insurer's cross motion to confirm the arbitration award. Rivera, J.P., Angiolillo, Dickerson and Roman, JJ., concur.