Tom, J.P.
(dissenting). The culmination of more than two years of litigation that followed the arbitration award rendered in this proceeding is a judgment in favor of petitioner in the total sum of $505.* [1] This is an anomalous outcome in a dispute concerning the redemption of an investment account assessed by the parties at some $8 million. The paltry judgment results from the absence, in the arbitration award, of any valuation of the securities held in the investment account on which judgment could be entered.
This omission is not the consequence of any inadvertence by the arbitrator, but rather results from his recognition that a monetary award was beyond his power to make — because *103 petitioner did not submit the issue of valuation to arbitration and perhaps because, under the rules of the American Arbitration Association, a commercial claim seeking more than $1 million is required to be heard before a panel of three arbitrators unless the parties consent to submit their dispute to a single arbitrator (see Ansonia Copper & Brass, Inc. v Ampco Metal SA, 419 F Supp 2d 186, 188 [D Conn 2006]). Finally, as the transcript of the proceedings makes clear, the limit on the arbitrator’s authority is the immediate result of petitioner’s representation, both on its application for arbitration and on its statement of claim, that it sought a “non-monetary” award.[2]
If the award is construed as requiring payment of a particular amount, as the majority holds, then the award is in excess of the arbitrator’s power, because the issue of valuation was not submitted for his determination, and since the award neither identifies the securities that will satisfy respondents’ obligations to petitioner nor establishes any value that those securities must have, it represents so imperfect an execution of the arbitrator’s authority that no final and definite award on the subject matter was rendered (CPLR 7511 [b] [1] [iii]). Under either interpretation, the award must be vacated.
At the outset of the hearing, the arbitrator briefly addressed petitioner’s claim, noting that “they weren’t seeking a particularly monetary [sic] — I know that causes a problem that I got to dance around and deal with.” Later, he reminded the participants that
“there is a different problem here that everybody has been tap dancing around for good and sufficient reason because, one, it shouldn’t be on the record and, two, it is not before me.
“But the elephant in the room is the value that was placed on the position and who and why. That is the elephant in the room. And you have — I congratulate both counsel for that, avoiding the elephant in the room . . . you’ve made sure that that’s not in front of me . . . .”
Thus, it is clear that the arbitrator recognized that the question of the valuation of petitioner’s interest in the investment fund was not before him and that he lacked the power to determine the issue.
*104 Notwithstanding the infirmity of the award, the majority, under the pretext of interpretation, bestows on petitioner a monetary judgment in a sum that the arbitrator did not award and, within the exercise of his power, could not award, granting petitioner the very relief it purported not to seek.[3] The majority thereby makes a judicial determination of a controversy that the parties, by agreement, consigned to the arbitral forum, in violation of the rule that in deciding any issue in connection with arbitration “the court shall not . . . pass upon the merits of the dispute” (CPLR 7501; see Matter of Beleggingsmaatschappij Wolfje, B.V. v AES Ecotek Europe Holdings, B.V., 21 AD3d 858 [1st Dept 2005]; Matter of Sims v Siegelson, 246 AD2d 374, 376 [1st Dept 1998]).
It is well settled that an arbitrator may not rule on a matter not submitted for determination (Matter of Joan Hansen & Co., Inc. v Everlast World’s Boxing Headquarters Corp., 13 NY3d 168, 173 [2009]). It is axiomatic that if an issue was not ruled upon by the arbitrator, a court cannot, under the guise of confirmation pursuant to CPLR 7511, decide the issue and enter judgment thereon. Even if the defect in an award is limited to the inability to decipher the meaning and intent of the arbitrator, the award must be vacated — precisely the result reached in Board of Educ., Farmingdale Union Free School Dist. v Farmingdale Fedn. of Teachers (92 AD2d 599 [2d Dept 1983] [advisory arbitration]), cited by the majority, which likewise involved the scope of the arbitrator’s authority. Nor is clarification of an issue that was not before an arbitrator available, even if it involves the same contract provision at issue (Matter of Joan Hansen & Co., Inc., 13 NY3d at 174). The parties’ remedy is to raise the undecided issue in a new arbitration proceeding (see id. at 175 n 3).
As the Court of Appeals has observed, arbitration is favored and encouraged to promote the announced policy of conserving judicial resources, as well as the time and resources of the parties to the arbitration agreement. Consistent with this policy, the courts are accorded only a limited role in the arbitral process. To avoid becoming embroiled in issues collateral to the dispute that the parties have agreed to arbitrate, the courts are admonished “ ‘to prevent parties to such agreements from using the courts as a vehicle to protract litigation’ ” (Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am., 37 NY2d *105 91, 95 [1975], quoting Matter of Weinrott [Carp], 32 NY2d 190, 199 [1973]). As this Court has observed, the minimal oversight of the arbitral process assigned to the courts is intended to “preclude[ ] the parties to an arbitration agreement from simultaneously pursuing their claims before the courts and thus playing one forum off against the other” (Avon Prods. v Solow, 150 AD2d 236, 238 [1st Dept 1989]). The majority’s disposition does not advance this salutary purpose by allowing the parties to this proceeding to engage in extensive litigation over the very dispute they agreed to submit to arbitration.
With respect to vacating an award as nonfinal or indefinite, the Court of Appeals has stated, “An award is deficient in this regard and subject to vacatur only if it leaves the parties unable to determine their rights and obligations, if it does not resolve the controversy submitted or if it creates a new controversy” (Matter of Meisels v Uhr, 79 NY2d 526, 536 [1992]). The award rendered in this matter directs respondents to pay 40% of the value of petitioner’s interest in the investment fund in cash within 30 days of the date of the award and 60% “in cash or in kind” within 90 days. The parties dispute whether securities transferred to petitioner as in-kind payment of its 60% interest are of sufficient value to discharge their obligations under the award. Because the award neither provides guidance as to the value of the in-kind transfer nor indicates the arbitrator’s intent as to the identity and number of the securities petitioner is to receive, the award fails to resolve their dispute and, further, creates a new controversy concerning whether respondents have satisfied their responsibilities under the judgment entered on the award. Thus, it is deficient and subject to vacatur.
Accordingly, I would vacate the judgment confirming the award and the judgment entered thereon.
Andrias, Saxe and Freedman, JJ., concur with Acosta, J.; Tom, J.P., dissents in a separate opinion.
Orders, Supreme Court, New York County, entered October 6, 2011 and September 12, 2011, reversed, on the law, and the matter remanded for a hearing to determine the value of the stock tendered to petitioner by respondent Southridge Partners, L.P., and for entry of a money judgment in petitioner’s favor in the amount, if any, of the difference between the value of the stock as determined and the corresponding legal interest that Southridge was obligated to pay petitioner within 90 days of the issuance of the January 18, 2010 arbitration award.

. The judgment provides, in material part, that petitioner shall recover
“forty percent of the balance of Petitioner’s interest in South-ridge Partners L.P. as of the date of the Award in cash, plus the remaining sixty percent of Petitioner’s interest in Southridge Partners L.P. as of the date of the Award in cash or in kind, plus interest at the legal rate on said balance remaining as of October 1, 2009, together with costs and disbursements in the amount of $505.00 as taxed by the Clerk, for the total amount of $505.00, and that Petitioner have execution therefor.”

. Since petitioner classified its claim as non-monetary, the question of whether the dispute should be heard before one or three arbitrators was never reached.

. Supreme Court properly rejected a judgment proposed by petitioner in the amount of $7,990,660.19.