■ In the Matter of BROOKS SLOCUM, Appellant, v ELENA MADARIAGA et al., Respondents. [999 NYS2d 483]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered January 22, 2013, as, upon renewal, denied that branch of his motion which was to confirm the arbitration award, and granted that branch of the respondents' cross motion which was to vacate the arbitration award.

Ordered that the order is affirmed insofar as appealed from, with costs.

An arbitration award may be vacated if the court finds that the rights of a party were prejudiced by (1) corruption, fraud, or misconduct in procuring the award; (2) partiality of an arbitrator; (3) the arbitrator exceeding his or her power; or (4) the failure to follow the procedures of CPLR article 75 (see CPLR 7511 [b]). In addition, an arbitration award may be vacated if it violates strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power (see Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 90 [2010]; Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 79 [2003]).

An arbitrator's authority "extends to only those issues that are actually presented by the parties" (Matter of Joan Hansen & Co., Inc. v Everlast World's Boxing Headquarters Corp., 13 NY3d 168, 173 [2009]), and an arbitrator exceeds his or her authority by reaching issues not raised by the parties (see Goldberg v Nugent, 85 AD3d 459 [2011]; Matter of Karadhimas v Allstate Ins. Co., 9 AD3d 429, 430-431 [2004]; Matter of Spear, Leeds & Kellogg v Bullseye Sec., 291 AD2d 255, 256 [2002]).

Here, the arbitrator awarded the petitioner $43,000 in damages based on the amount due under the subject contract, although the petitioner sought only $34,920 in damages for work done above and beyond the contract. Accordingly, the Supreme Court properly vacated the award as issued in excess of the arbitrator's authority (*see Matter of Lawrence Terrace Co. v Benova*, 133 AD2d 689, 691-692 [1987]).

The petitioner's remaining contentions are without merit. Rivera, J.P., Roman, Duffy and Barros, JJ., concur.