Matter of Banegas v GEICO Ins. Co. (2018 NY Slip Op 08644)





Matter of Banegas v GEICO Ins. Co.


2018 NY Slip Op 08644


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-08865
 (Index No. 1776/17)

[*1]In the Matter of Marvin Banegas, appellant, 
v
GEICO Insurance Company, respondent.


Robert K. Young & Associates, P.C., Merrick, NY (Jack Cutrone of counsel), for appellant.
Russo & Tambasco, Melville, NY (Susan J. Mitola of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate so much of an arbitration award dated March 2, 2017, as denied the petitioner's claim for uninsured motorists' benefits, the petitioner appeals from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), dated July 7, 2017, which denied the petition and dismissed the proceeding.
ORDERED that the order is reversed, on the law, with costs, the petition is granted to the extent that so much of the arbitration award as denied the petitioner's claim for uninsured motorist benefits is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings, including directing a new hearing before a different arbitrator.
The petitioner contends that on March 14, 2016, he and his girlfriend were passengers in a motor vehicle owned by Pedro Guerrero (hereinafter the Guerrero vehicle) that was being operated by Kenia Arias. The Guerrero vehicle was stopped in traffic on Front Street in Nassau County, when it was struck by an unidentified "hit and run" motor vehicle that fled the scene. The petitioner demanded arbitration of his uninsured motorist claim, and the respondent, GEICO Insurance Company (hereinafter GEICO), did not move to stay arbitration.
At the arbitration hearing, the petitioner and his girlfriend testified and their medical records were introduced into evidence. The arbitrator, over objection, allowed a continuance of the hearing for GEICO to call Guerrero and Arias as witnesses. As is relevant to this appeal, Arias testified that the petitioner was not occupying the Guerrero vehicle at the time of the accident. The arbitrator credited Arias' testimony, finding her to be "[t]he only fully independent and fully credible witness to have testified in this matter," and further finding "that [the petitioner] was not in the vehicle at the time of this accident."
The petitioner commenced this proceeding pursuant to CPLR 7511(b) to vacate so much of the arbitration award as denied his claim for uninsured motorists' benefits, on the ground that the arbitrator exceeded his powers by considering the issue of whether the petitioner was occupying the vehicle at the time of the accident, because that issue involved a contractual coverage defense which GEICO waived when it failed to seek a stay of arbitration. The Supreme Court found that the arbitration award was rationally based and was not arbitrary and capricious. The court [*2]denied the petition and dismissed the proceeding.
An arbitration award may be vacated if the court finds that the rights of the moving party were prejudiced by (1) corruption, fraud, or misconduct in procuring the award; (2) partiality of an arbitrator appointed as a neutral arbitrator; (3) the arbitrator exceeding his or her power; or (4) the failure to follow the procedures of CPLR article 75 (see CPLR 7511[b]). In addition, an arbitration award may be vacated if it violates strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power (see Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 90-91; Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board. of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 79). An arbitrator's authority "extends to only those issues that are actually presented by the parties" (Matter of Joan Hansen & Co., Inc. v Everlast World's Boxing Headquarters Corp., 13 NY3d 168, 173).
Here, the issue presented to the arbitrator was whether the claimants, the petitioner and his girlfriend, sustained serious injuries as a result of the negligence of the operator of the hit-and-run vehicle, and if so, the reasonable compensatory value thereof. With a hit-and-run cause of action, in order to proceed to arbitration, there must be "physical contact" by a hit-and-run vehicle to a "qualified person" (Insurance Law § 5217). Accordingly, the determination of whether the petitioner is a "qualified person" pursuant to the policy is a condition precedent to arbitration and therefore is a basis for an application to stay arbitration to be determined by the courts (see generally Matter of Nationwide Ins. Co. v McDonnell, 272 AD2d 547, 548; Matter of Unites States Fid. & Guar. Co.v Mitchell, 168 AD2d 941). Here, since GEICO never moved to stay the arbitration, it waived the ability to litigate this issue and essentially conceded that the petitioner was a covered person under the policy (see Matter of Karadhimas v Allstate Ins. Co., 9 AD3d 429, 430).
Thus, by considering and deciding the issue of whether the petitioner was occupying the Guerrero vehicle at the time of the accident, the arbitrator created an artificial distinction between a contractual coverage issue and a liability issue (see id.; Matter of Nationwide Ins. Co. v McDonnell, 272 AD2d at 548), and clearly exceeded his powers.
In view of the foregoing, we must reverse the order, grant the petition to vacate so much of the award as denied the petitioner's claim for uninsured motorists' benefits, and remit the matter to the Supreme Court, Nassau County, for further proceedings, including directing a new hearing before a different arbitrator on the issues of whether the petitioner sustained a serious injury as a result of the negligence of the operator of the hit-and-run vehicle, and if so, the amount of damages to which he was entitled.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court