Matter of 544 Bloomrest, LLC v Harding (2022 NY Slip Op 00936)





Matter of 544 Bloomrest, LLC v Harding


2022 NY Slip Op 00936


Decided on February 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 10, 2022

Before: Gische, J.P., Kern, Moulton, Kennedy, Rodriguez, JJ. 


Index No. 652658/20 Appeal No. 15275 Case No. 2021-03415 

[*1]In the Matter of 544 Bloomrest, LLC, Petitioner-Respondent,
v
Alexi Harding et al., Respondents-Appellants.


Levine & Blit, PLLC, New York (Russell S. Moriarty of counsel), for appellants.
Peyrot & Asscoiates, PC, New York (David C. Van Leeuwen of counsel), for respondent.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about February 23, 2021, which granted petitioner's motion to confirm an arbitration award dated May 27, 2020 and denied respondents' cross motion to vacate the award, unanimously modified, on the law, to vacate that part of the award awarding petitioner punitive damages, sanctions and attorneys' fees, and otherwise affirmed, without costs.
As to the arbitrator's award on petitioner's claim for conversion by fraud and dismissing respondents' counterclaims for breach of contract, respondents raise only purported errors of law and fact by the arbitrator, which are not subject to judicial review (see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479-480 [2006], cert dismissed 548 US 940 [2006]); Matter of SCM Corp. [Fisher Park Lane Co.], 40 NY2d 788, 793 [1976]). Contrary to respondents' contention, the individual respondent, a corporate officer or director, is not immune from personal liability, since there is evidence that he personally participated in the fraud or had actual knowledge of it (Marine Midland Bank v Russo Produce Co., 50 NY2d 31, 44 [1980]).
The arbitrator, however, exceeded her power by awarding petitioner punitive damages, sanctions and attorneys' fees none of which were demanded (CPLR 7511[b][1][iii]; Denson v Donald J. Trump for President, Inc., 180 AD3d 446 [1st Dept 2020). Petitioner filed a demand for arbitration form stating that its dispute with respondents concerned "[c]onversion by a variety of fraudulent means" in the sum of $362,456.77, the dollar amount of its claim. Although the American Arbitration Association (AAA) preprinted form petitioner used allows a claimant to seek other relief, including attorneys' fees, interest, arbitration costs and punitive/exemplary damages, the only boxes that petitioner checked off were for interest and arbitration costs. It did not check the punitive damages box or attorneys' fees box, nor indicate anywhere on its demand that it was seeking such relief. Petitioner never amended its demand for arbitration. Nor did it include a prayer for such relief in its subsequently filed post-arbitration memorandum. By granting unrequested relief, the arbitrator exceeded the expressly enumerated limits on her authority by deciding matters that were not before her (Denson at 451).
Although AAA commercial rule 47(d) empowers an arbitrator to award attorneys' fees, this is only "if all parties have requested such an award or it is authorized by law or their arbitration agreement." Here, neither party requested such an award and it is not authorized by law. The Engagement Letter that petitioner relies on does not incorporate AAA rule 47(d) into that agreement (Matter of Steyn v CRTV, LLC, 175 AD3d 1, 6 [1st Dept 2019]). In any event even if the arbitrator has the authority to make an award, it must be demanded in the particular arbitration for the matter to be considered. An "arbitrator's authority extends to only [*2]those issues that are actually presented by the parties" (Matter of Joan Hansen & Co., Inc. v Everlast World's Boxing Headquarters Corp., 13 NY3d 168, 173 [2009]). Consequently, in the absence of a demand for such fees (Denson, 180 AD3d at 451; Steyn, 175 AD3d at 7-8) or the parties' agreement that the prevailing party is entitled to legal fees (see Matter of Stewart Tabori & Chang [Stewart], 282 AD2d 385 [1st Dept 2001], lv denied 96 NY2d 718 [2001]; Myron Assoc. v Obstfeld, 224 AD2d 504 [2d Dept 1996], lv denied 88 NY2d 807 [1996]), they may not be awarded. Similarly, even though an arbitrator is authorized to award punitive damages pursuant to AAA rule 47(a), they still must be demanded (see Matter of Flintlock Constr. Svcs, LLC v Weiss,122 AD3d 51 [1st Dept 2014], appeal dismissed 24 NY3d 1209 [2015]). Petitioner's request that the arbitrator award such "other relief that the AAA deems just and proper" does not satisfy the requirements of a demand.
In contrast, the arbitrator's award granting petitioner the costs of arbitration was properly confirmed by Supreme Court. Not only did petitioner request them in its demand for arbitration, AAA rule 47(c) provides that "the arbitrator shall assess the fees, expenses, and compensation," including administrative fees, expenses, and the arbitrator's own compensation, "among the parties in such amounts as the arbitrator
determines is appropriate" (see also CPLR 7513).
We have considered respondents' remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 10, 2022